```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

INNOVENTION TOYS, LLC                            CIVIL ACTION

v.                                               NO. 07-6510

MGA ENTERTAINMENT, INC.,                         SECTION "F"
WAL-MART STORES, INC. and
TOYS "R" US, INC
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for a permanent injunction following this Court's judgment of patent infringement. For the reasons that follow, the plaintiff's motion is GRANTED.

**Background**

The facts are completely set forth in this Court's October 14, 2009 Order and Reasons. The parties filed cross-motions for summary judgment on issues of patent infringement and validity. On October 14, 2009 the Court determined that the asserted claims of the '242 Patent are valid and are infringed by the Laser Battle game, which is made by MGA and sold through Wal-Mart and Toys "R" Us; accordingly, the Court granted the plaintiff's motions and denied the defendants' motions. Because the parties did not brief the issue of relief in the cross-motions for summary judgment, the Court noted that the issue must await trial. The plaintiff now requests that the Court permanently enjoin the defendants from any further acts of infringement of claims 31-33, 39-41, 43, 44, 48-50, 53, and 54.

I.

Under the Patent Act, the Court may grant an injunction "in accordance with the principles of equity." 35 U.S.C. § 283.[1] The Supreme Court has confirmed that the traditional four-factor test for permanent injunctive relief applies to disputes arising under the Patent Act. eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)(pointing out that "the Patent Act expressly provides that injunctions 'may' issue 'in accordance with principles of equity'"). Accordingly, before the Court may grant a permanent injunction, a patentee must show that: (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking injunction; and (4) a permanent injunction would not disserve the public interest. Id.

A.

"The essential attribute of a patent is that it provides a right to exclude competitors from infringing the patent." Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1328 (Fed. Cir. 2008)(citing

---

[1] Section 283 provides:

> The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.

35 U.S.C. § 283.

35 U.S.C. § 154(a)(1)). "In view of that right", the Federal Circuit has observed, "infringement may cause a patentee irreparable harm not remediable by a reasonable royalty." Id. Where a plaintiff practices its invention, is a direct market competitor, and the patented product is at the core of their business, courts typically find irreparable harm for which an adequate remedy at law is lacking. See Trueposition, Inc. v. Andrew Corp., 568 F. Supp. 2d 500, 531 n.42-43 (D. Del. 2008)(citing cases).

Innovention has shown that it was irreparably injured and that monetary damages, such as royalties, would be insufficient to compensate the injury. The defendants do not dispute the record facts: that Innovention's primary business is practicing the '242 Patent, that MGA (a large toy and game manufacturer) is Innovention's direct competitor, and that Wal-Mart and Toys "R" Us (two of the largest toy retailers in the country) have decided to stock only one laser board game. Innovention insists that anything less than a full permanent injunction would force a compulsory license on Innovention against a direct competitor that is much larger and has already kept Innovention from a significant share of the market with its infringing product.[2]

---

[2] The defendants contend that Innovention has failed to prove that purchase of MGA's game leads to a loss of sales for Innovention. In support, the defendants submit evidence that a major retailer, Target, sells both Innovention's Khet game and MGA's Laser Battle game. The defendants' evidence that one major

The defendants insist that Innovention has licensed its patent, which suggests that money damages are adequate. The Court disagrees. Innovention entered into an agreement with Ascending Integration; Innovention insists that the agreement is not a patent license, but instead a license to a software company to develop only interactive multimedia video games based on the look and feel of Innovention's Khet game. The defendants contend that, given the plaintiff's choice to license the patent, a reasonable royalty from an infringer constitutes damages adequate to compensate for the infringement. But that is just one factor to consider. Acumed LLC, 551 F.3d at 1328 ("the fact that a patentee has previously chosen to license the patent may indicate that a reasonable royalty does compensate for an infringement [but] that is [only] one factor for the district court to consider"). Indeed, the Federal Circuit has pointed out that "[a]dding a new competitor to the market may create an irreparable harm that the prior licenses did not." Id. at 1329. Accordingly, "[a] plaintiff's past willingness to license its patent is not sufficient per se to establish a lack of irreparable harm if a new infringer were licensed." Id. at 1328 (citation omitted). Given that Innovention and MGA are direct competitors and the retailer defendants stock only MGA's laser

---

retailer sells both games falls short of overcoming the plaintiff's evidence of irreparable harm: defendants, two other major retailers, have sold and continue to sell only the direct competitor's infringing game.

4

board game and no others, the Court finds that Innovention has shown irreparable injury for which no adequate remedy at law exists.

B.

A balance of hardships also tips in favor of Innovention. "Because the 'balance of hardships' assesses the relative effect of granting or denying an injunction on the parties," relevant factors to consider include the parties' sizes, products, and revenue sources. See i4i Ltd. Partnership v. Microsoft Corp., --- F.3d ---, 2009 WL 4911950 (Fed. Cir. Dec. 22, 2009); Acumed LLC, 551 F.3d at 1328 (district court properly weighed evidence concerning relative size of the companies and commercial effect the injunction would have on the parties when determining the balance of hardships).  The record shows that MGA has used its superior market power to deny Innovention the opportunity to sell its Khet game through retailers like Wal-Mart and Toys "R" Us, which only sell one laser strategy board game. Compounding the extensive reach of these two well-known retailers, Innovention is a small three-man company, whose '242 patent is its sole product; Laser Battle is but one of MGA's many products.  The Court agrees that allowing the defendants to continue infringing would continue to restrict the market for Innovention's Khet game.  The burden of injunctive relief on defendants is negligible:  MGA is free to practice non-patented options, or to develop a non-infringing workaround, which

it says it intends to do.[3] Nor will an injunction affect any of the defendants' abilities to remain in business. In contrast, absent injunctive relief, Innovention will continue to suffer such hardships as diminished market share and loss of customers.

C.

The final factor also weighs in favor of issuing an injunction; the Court finds that the public interest would not be disserved by enjoining the defendants from continued infringement. Where products do not relate to compelling public interests like health and safety, this factor typically weighs in favor of an injunction because the public has an interest in maintaining a strong patent system. See Mass Engineered Design, Inc. v. Ergotron, Inc., 633 F. Supp. 2d 361, 394 (E.D. Tex. 2009)(citation omitted). Innovention contends, and the defendants do not dispute, that there is no public interest in having the patented game, which does not relate to a public interest such as health or safety,

---

[3] Whether the Court should allow time for MGA to implement a workaround is another factor to consider when balancing the hardships of the parties. Verizon Service Corp. v. Vonage Services Corp., 503 F.3d 1295, 1312 n.12 (Fed. Cir. 2007). The defendants contend that, if the Court issues an injunction, it should delay the start of the injunction by 60 days to permit MGA time to determine the economic feasibility of a workaround. However, not only does MGA assert that its proposed workaround is simple, defendants have had almost 90 days since the Court ruled that Laser Battle infringed the '242 Patent. If injunctive relief is otherwise proper, the injunction shall issue immediately. See id. (affirming issuance of injunction with respect to two patents, and noting that the defendant had several months since the district court's judgment to implement a workaround).

available from multiple sources.  The Court agrees.

Accordingly, the plaintiff's motion for permanent injunction is GRANTED.  The Court adopts Innovention's proposed order for permanent injunction:[4]

## II.

### ORDER FOR PERMANENT INJUNCTION

In its Order and Reasons dated October 14, 2009, this Court granted Plaintiff's motion for summary judgment, ruling that claims 31-33, 39-41, 43-44, 48-50, and 53-54 (the "asserted claims") of United States Patent No. 7,264,242 (the "'242 Patent") are valid, and that the "Laser Battle" game marketed by MGA Entertainment, Inc. ("MGA"), Wal-Mart Stores, Inc. ("Wal-Mart") and Toys "R" Us, Inc. ("Toys 'R' Us") infringe each of the asserted claims.

Pursuant to 35 U.S.C. § 283, this Court hereby orders that:

(1) MGA (and all its officers, agents, servants, employees, attorneys, and all those in active concert or participation with any of them who receive actual notice of this Order for Permanent Injunction by personal service or otherwise, as well as all successors and assigns) be and hereby is permanent enjoined from:

    a.   making, importing, selling, and/or offering for sale the game "Laser Battle;" and

    b.   further infringement of claims 31-33, 39-41, 43-44, 48-

---

[4] The defendants advanced no arguments regarding the scope or language of the proposed order.

50, and 53-54 of the '242 Patent; and

(2) Wal-Mart (and all its officers, agents, servants, employees, attorneys, and all those in active concert or participation with any of them who receive actual notice of this Order for Permanent Injunction by personal service or otherwise, as well as all successors and assigns) be and is hereby permanent enjoined from:

    a. making, importing, selling, and/or offering for sale the game "Laser Battle;" and

    b. further infringement of claims 31-33, 39-41, 43-44, 48-50, and 53-54 of the '242 Patent; and

(3) Toys "R" Us (and all its officers, agents, servants, employees, attorneys, and all those in active concert or participation with any of them who receive actual notice of this Order for Permanent Injunction by personal service or otherwise, as well as all successors and assigns) be and is hereby permanent enjoined from:

    a. making, importing, selling, and/or offering for sale the game "Laser Battle;" and

    b. further infringement of claims 31-33, 39-41, 43-44, 48-50, and 53-54 of the '242 Patent.

IT IS SO ORDERED AND DECREED THIS 13th day of ___January___, 2010.

                                                 _/s/ Martin L. C. Feldman_
                                                 MARTIN L. C. FELDMAN
                                          UNITED STATES DISTRICT JUDGE