UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INNOVENTION TOYS, LLC                        CIVIL ACTION

VERSUS                                        NUMBER: 07-6510

MGA ENTERTAINMENT, INC. ET AL                 SECTION: "F"(5)

## ORDER

The following constitutes the undersigned's ruling on defendants' motion to set the fees and costs to be paid by plaintiff's counsel pursuant to the Court's September 14, 2010 order. (Rec. docs. 287, 292, 296, 298). That motion comes before the Court pursuant to the District Judge's self-effectuating order of reference contained within his order and reasons of September 14, 2010 after the parties were unable to agree upon a quantum. (See rec. doc. 285, pp. 9-10).

On July 26, 2010, the defendants filed a motion for summary judgment on plaintiff's claims for provisional rights damages and for lost profits. (Rec. doc. 256). The lost profits portion of that motion was primarily based on the fact that plaintiff had produced only a one-page document supporting its claim. On August 20, 2010, plaintiff supplemented its one-page production with over

1,500 damages-related documents.  That prompted defendants to file a motion seeking to preclude plaintiff from relying on the belatedly-produced damages-related documents at trial or in opposing defendants' motion for summary judgment. (Rec. doc. 261). On September 14, 2010, the District Judge granted defendants' motion to preclude in part, ordering, <u>inter</u> <u>alia</u>, plaintiff's counsel to pay defendants' reasonable expenses, including attorneys' fees, associated with the motion to preclude as well as the costs and fees associated with their motion for summary judgment as that motion related to lost profits. (Rec. doc. 285, pp. 9-10).

By way of their present motion the defendants' seek $17,065.00 in attorneys' fees and $386.27 in costs for a grand total of $17,451.27. The sought-after attorney fee figure was arrived at by multiplying 53.15 hours of partner-level attorney time at a rate of $300 per hour and adding to that figure another 5.60 hours of associate-level attorney time at a rate of $200 per hour, with said hourly rates being the rates the Court had utilized in awarding attorneys' fees to plaintiff in connection with a motion to compel which it had previously filed against Wal-Mart. (<u>See</u> rec. doc. 254).  The total time of 58.75 hours being claimed by defendants was arrived at by reducing by 50% the overall time that their attorneys spent in connection with their motion for summary judgment. Insofar as the motion for summary judgment embraced two

issues but attorneys' fees were only ordered to be paid in connection with the lost profits issue, the 50% reduction was viewed by defendants' as a reasonable and logical approach to limiting the compensable time.  Indeed, at the hearing that was held on defendants motion to set fees and costs counsel for plaintiff conceded that the approach taken by defendants was appropriate.  Plaintiff also voiced no problems with the accuracy of the fee entries supporting defendants' motion.

As noted earlier, the Court previously awarded attorneys' fees to plaintiff at a rate of $300 per hour for partner-level practitioners and at a rate of $200 per hour for associate-level practitioners.[1]/  The Court sees no reason to compensate the defendants' attorneys at rates different from those and to do so would be plainly inequitable. While acknowledging at oral argument that a figure of $12,500.00 would adequately compensate defendants' attorneys for their efforts in connection with the motions for summary judgment and to preclude, plaintiff takes issue with the number of hours sought by defendant but identified only one such entry, 5.7 hours claimed by Messr. O'Shea, the defense attorney who performed the majority of the work at issue, for reviewing the lately-produced damages-related documents, previously-served discovery requests and pleadings related thereto, and for drafting

---

[1]/ The Court incorporates by reference the analysis for determining attorneys' fees as set forth in its previous order. (Rec. doc. 254, pp. 3-7).

an outline for the motion to preclude. Given the history of discovery in this case thus far, it is understandable that the attorney who was principally handling the lost profits issue would want to be thorough in reviewing the documentation supporting or not supporting same. The Court declines to reduce that entry.

Of the 58.75 total hours claimed by defendants' attorneys are 11.1 hours expended by their local counsel whose skill and experience, as the Court is well aware through numerous cases over the years, is unquestioned. Although signed-off on by local counsel, it was Messr. O'Shea who was the primary drafter of the motion for summary judgment and the motion to preclude and who reviewed plaintiff's sur-reply. While the Court by no means wishes to minimize local counsel's obligations with respect to Rule 11 and Local Rule 83.2.8.1E, their involvement by large measure appears to have been one of coordination and for review of work that was already performed. Accordingly, the Court will reduce those hours by seven hours.

Neither an upward nor downward departure being warranted here, defendants are hereby awarded the following fees and costs, to be paid by plaintiff's counsel within thirty days, as follows:

    46.15 hours @ $300.00/hour:        $13,845.00

     5.60 hours @ $200.00/hour:         1,120.00

    Legal research costs:               386.27

    Total:                             $15,351.27

New Orleans, Louisiana, this <u>21st</u> day of <u>  October  </u>, 2010.

                                                                                  */s/ Alma L. Chasez*
                                                                                  ALMA L. CHASEZ
                                              UNITED STATES MAGISTRATE JUDGE