UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


INNOVENTION TOYS, LLC                        CIVIL ACTION

v.                                           NO. 07-6510

MGA ENTERTAINMENT, INC.,                     SECTION "F"
WAL-MART STORES, INC. and
TOYS "R" US, INC


ORDER AND REASONS

Before the Court is the defendants' motion to strike
plaintiff's June 16, 2011 letter to the Court and for sanctions to
stop plaintiff from conducting further improper ex parte
communications.  For the reasons that follow, the motion is GRANTED
in part (insofar as the Court will not consider for any reason the
June 16 letter) and DENIED in part (insofar as the defendants' seek
monetary sanctions).

Background

The underlying facts of this patent litigation are set forth
in this Court's October 14, 2009 Order and Reasons, in which this
Court ruled that the asserted claims of United States Patent No.
7,264,242 (the '242 patent) are both valid and infringed by MGA's
Laser Battle Game, which is sold through Wal-Mart and Toys "R" Us.[1]
Because the parties failed to address remedies in their cross-

_____

[1]The facts underlying the present motion are set forth in
this Court's February 3, 2011 Order & Reasons.

1

motions for summary judgment on validity and infringement, the Court noted that the damages issue remained for trial. On January 13, 2010, the Court granted the plaintiff's motion for permanent injunction, enjoining the defendants from any further acts of infringement of claims 31-33, 39-41, 43, 44, 48-50, 53, and 54.

On February 11, 2010 the defendants filed a Notice of Appeal in the Fifth Circuit; the appeal was subsequently transferred to the Federal Circuit. (The defendants appealed this Court's order granting a permanent injunction, as well as the underlying rulings in which the Court construed certain claim terms, and determined that the asserted claims of the '242 Patent were valid and infringed.) On April 14, 2010 the Court denied the defendants' motion to stay further proceedings pending appeal.

Meanwhile, on July 26, 2010 the defendants moved for summary judgment directed to issues underlying plaintiff's claims for provisional rights damages and for lost profits damages; after granting a joint motion to continue the hearing date on the defendants' motion for summary judgment, the motion was set for hearing on September 22, 2010. The defendants' motion relied in large part on the plaintiff's sparse damages production which at the time consisted only of a one-page spreadsheet. On August 20, 2010, pursuant to Federal Rule of Civil Procedure 26(e), the plaintiff produced more than 1,000 pages of new documents, comprising invoices and other documents dated from May 2007 through

July 2010, relating to the damages claim.  Ten days later, on August 30, 2010, the defendants moved to preclude plaintiff from relying on late-produced damages-related documents at trial or in response to defendants' pending motion for summary judgment.  On September 14, 2010 this Court denied the motion, insofar as it sought to preclude the plaintiff from using its recently-produced damages evidence, but granted the motion to the extent it sought monetary sanctions; the Court also continued the trial date so as to permit discovery on the new document production.

Innovention's document production continued.  On December 29, 2010 the plaintiff filed its opposition to the defendants' motion for summary judgment, with the benefit of their damages discovery. Because the defendant's motion for summary judgment as to the plaintiff's claims for provisional rights damages and lost profits damages relied to some extent on the fact that the plaintiff had not previously produced any damages-related materials, the Court ordered supplemental papers addressing the impact of the new discovery on the defendants' motion for summary judgment. Ultimately, the Court denied the defendants' motion for summary judgment.[2]

---

[2]Initially, on February 3, 2011, the Court granted the defendants' motion for summary judgment as to lost profits and denied the defendants' motion for summary judgment as to provisional rights damages.  However, on March 17, the Court granted Innovention's motion for reconsideration and amended its February 3 Order & Reasons to reflect that the defendants' motion for summary judgment as to lost profits was also denied.  (In

Several days later, on March 21, 2011, the Federal Circuit resolved the defendants' appeal.  In short, the Federal Circuit determined that this Court correctly found no genuine issues of material fact regarding infringement based on its construction of the claim term "movable", and therefore affirmed this Court's grant of summary judgment of literal infringement.  However, the Federal Circuit vacated this Court's grant of summary judgment of nonobviousness, finding errors in several of the factual findings underlying the nonobviousness determination, and remanded to this Court for further proceedings.  A few days after the Federal Circuit issued its ruling, counsel for plaintiff sent the Court a letter, copying defendants' counsel, suggesting that Innovention would prefer to keep the April 2011 trial date.  In light of the Federal Circuit's ruling, however, this Court issued an order on March 28, 2011 continuing the pretrial and trial dates "to permit motion practice on the remanded issue of patent validity based on obviousness."  The Court then held a status conference with counsel on April 21 to discuss both the Federal Circuit's ruling and the possibility of settlement.  Counsel was advised to keep the Court apprised of settlement status.

On June 16, 2011 counsel for Innovention sent a letter to the

initially granting the motion as to lost profits, the Court had refused to consider certain evidence Innovention relied upon in opposing summary relief because that evidence constituted inadmissible hearsay; however, reconsideration was warranted in light of newly-amended Rule 56.)

Court, copying counsel for defendants,[3] in which counsel for
Innovention advised the Court that the parties were at an impasse
on settlement, requested a settlement status, and then (apparently)
detailed the parties' settlement positions.[4] Not to be outdone,
the defendants now request that the Court strike the letter (and
refuse to read it), sanction Innovention and its counsel, and issue
a scheduling order that sets deadlines for expert discovery,
includes a briefing schedule for summary judgment motion practice,
and schedules new pretrial and trial dates.

I.

Somehow believing metaphysics has a place in their
contentions, the defendants contend that the Court should refuse to
read the plaintiff's June 16, 2011 letter and should sanction
plaintiff and its counsel for revealing confidential settlement
discussions; the defendants propose that the sanction take the form
of ordering Innovention and its counsel to reimburse defendants for
the fees associated with the pending motion.  The defendants also
propose in their papers that the Court set deadlines for expert

---

[3]The defendants contend, however, that they did not
receive the letter until the day after it was delivered to the
Court.  Counsel for defendants called chambers to advise that it
objected to the letter and would be filing a motion to strike.

[4]Innovention also apparently requested that, if the Court
declined to order a settlement conference, that it set a new trial
date as soon as possible.  The Court again would draw counsel's
attention to its concern regarding the apparent disregard of the
costly litigation risks their mutual conduct implicates.

discovery as well as a summary judgment briefing schedule. Innovention not surprisingly opposes, contending that it was simply complying with this Court's expectation to be kept apprised of settlement status and further contending that it did not reveal confidential settlement negotiations within the meaning of Federal Rule of Evidence 408. And so the tiresome point-counterpoint dominates.

The defendants do not invoke any particular legal standard to apply to their request. And their curious request that the Court refuse to read the letter, but sanction the plaintiffs for the letter's content, presents a sort of Catch-22. Not to mention some false theater. Accordingly, because it is each counsel's prerogative to reveal their own substantive settlement positions to the Court -- indeed it is this Court's practice to indulge the submission of settlement position papers when both sides agree to participate in a Court-conducted settlement conference -- the Court will simply not consider the letter. However, without reading the letter to consider the extent of the substantive settlement discussions revealed, the Court cannot determine the appropriateness of such revelations, and whether counsel's conduct rises to the level of bad faith and sanctionable conduct.

Finally, it is undisputed that the Court anticipated that counsel for both sides would apprise the Court of the parties' settlement status.

II.

Accordingly, IT IS ORDERED: that the defendants' motion to strike the plaintiffs' letter and for sanctions is GRANTED in part (insofar as the Court will disregard the June 16 letter) and DENIED in part (insofar as the defendants' seek monetary sanctions).  The Court will not accept any letters submitted by counsel for either side going forward; any communication with the Court in which a party is seeking relief from the Court must be had by motion.  IT IS FURTHER ORDERED: that the Court will only consider conducting a settlement conference upon joint motion.[5]  IT IS FURTHER ORDERED: that a scheduling conference will be conducted **by telephone** on Tuesday, September 6, 2011 at 3:30 p.m.; at which time the following will be set: (1) deadlines for expert discovery,[6] (2) a

---

[5] It has always been this Court's practice to assist the parties in settlement negotiations only when both sides agree and, in good faith, are willing to participate; to order the defendants to participate in Court-facilitated settlement talks, as Innovention proposes, would be unproductive, at best, and wasteful of the Court's and counsel's time and resources.

[6] While the parties dispute whether expert discovery should be conducted, it appears that such discovery, which was utterly lacking on the prior record, would be helpful in light of the Federal Circuit's determination that the Court erred in its factual finding that the level of skill in the art was that which was obvious to a layperson, given that Innovention "conceded...that the level of ordinary skill in the art was greater than that of a layperson" and further that this Court "appeared to agree"; in so determining, the Federal Circuit ordered that, "on remand, the district court must make a finding on the level of skill in the art and base its obviousness determination on that level of skill." Counsel might wish to muse whether that court has already made its own factual determination.

briefing schedule, and (3) pre-trial conference and trial dates. Finally, counsel should, as always, be mindful of their professional obligations under 28 U.S.C. § 1927.[7]

New Orleans, Louisiana, July 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7]As this Court has previously noted, "[b]oth sides to this case have managed to needlessly, sloppily, and unprofessionally expand this litigation concerning a mere few claims of a one-product patent." <u>See</u> Order & Reasons, dtd.9/14/10, p. 6. Counsel might well consider the seriousness of the Court's comments.