UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INNOVENTION TOYS, LLC | CIVIL ACTION |
| v. | NO. 07-6510 |
| MGA ENTERTAINMENT, INC.,<br>WAL-MART STORES, INC. and<br>TOYS "R" US, INC | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to confirm the Court's schedule for disclosure of rebuttal expert report on the issue of nonobviousness or, in the alternative, for leave to serve a rebuttal report on nonobviousness.  For the reasons that follow, the alternative relief sought in the motion is GRANTED.

Background

The underlying facts of this patent litigation are set forth in this Court's October 14, 2009 Order and Reasons, in which this Court ruled that the asserted claims of United States Patent No. 7,264,242 (the '242 patent) are both valid and infringed by MGA's Laser Battle Game, which is sold through Wal-Mart and Toys "R" Us.[1] Because the parties failed to address remedies in their cross-motions for summary judgment on validity and infringement, the Court noted that the damages issue remained for trial.  On January

_____

[1]The facts underlying the present motion are set forth in this Court's February 3, 2011 Order & Reasons.

1

13, 2010, the Court granted the plaintiff's motion for a permanent injunction, enjoining the defendants from any further acts of infringement of claims 31-33, 39-41, 43, 44, 48-50, 53, and 54.

On February 11, 2010 the defendants filed a Notice of Appeal in the Fifth Circuit; the appeal was subsequently transferred to the Federal Circuit.  (The defendants appealed this Court's order granting a permanent injunction, as well as the underlying rulings in which the Court construed certain claim terms, and determined that the asserted claims of the '242 Patent were valid and infringed.)  On April 14, 2010 the Court denied the defendants' motion to stay further proceedings pending appeal.

Meanwhile, on July 26, 2010 the defendants moved for summary judgment directed to issues underlying plaintiff's claims for provisional rights damages and for lost profits damages; after granting a joint motion to continue the hearing date on the defendants' motion for summary judgment, the motion was set for hearing on September 22, 2010.  The defendants' motion relied in large part on the plaintiff's sparse, indeed inadequate, damages submission which at the time consisted only of a one-page spreadsheet.  On August 20, 2010, pursuant to Federal Rule of Civil Procedure 26(e), the plaintiff produced more than 1,000 pages of new documents, comprising invoices and other documents dated from May 2007 through July 2010, relating to the damages claim.  Ten days later, on August 30, 2010, the defendants moved to preclude

plaintiff from relying on late-produced damages documents at trial or in response to defendants' pending motion for summary judgment. On September 14, 2010 this Court denied that motion, insofar as it sought to preclude the plaintiff from using its more detailed damages submission, but granted the motion to the extent it sought monetary sanctions against counsel for plaintiff; the Court also continued the trial date so as to permit discovery on the new damages document production.  The rather infantile saga continues.

Innovention's document production proceeded.  On December 29, 2010 plaintiff opposed the defendants' motion for summary judgment, with the benefit of their damages discovery. Because the defendant's motion for summary judgment as to the plaintiff's claims for provisional rights damages and lost profits damages relied to some extent on the fact that the plaintiff had not previously produced any damages-related materials, the Court ordered supplemental papers addressing the impact of the new discovery on the defendants' motion for summary judgment. Ultimately, the Court denied the defendants' motion for summary judgment.[2]

_____

[2]Initially, on February 3, 2011, the Court granted the defendants' motion for summary judgment as to lost profits and denied the defendants' motion for summary judgment as to provisional rights damages.  However, on March 17, the Court granted Innovention's motion for reconsideration and amended its February 3 Order & Reasons to reflect that the defendants' motion for summary judgment as to lost profits was also denied.  (In initially granting the motion as to lost profits, the Court had refused to consider certain evidence Innovention relied upon in

Several days later, on March 21, 2011, the Federal Circuit resolved the defendants' appeal.  The Federal Circuit determined that this Court correctly found no genuine issues of material fact regarding infringement based on its construction of the claim term "movable", and, therefore, affirmed this Court's grant of summary judgment of literal infringement.  However, the Federal Circuit vacated this Court's grant of summary judgment of nonobviousness, finding errors in several of the Court's factual findings underlying the nonobviousness determination, and remanded to this Court for further proceedings.  (One can only wonder whether that court has made a finding on obviousness itself).  Shortly after the Federal Circuit ruled, counsel for plaintiff sent the Court a letter, copying defendants' counsel, suggesting that Innovention would prefer to keep the April 2011 trial date.  In light of the Federal Circuit's ruling, however, this Court issued an order on March 28, 2011 continuing the pretrial and trial dates "to permit motion practice on the remanded issue of patent validity based on obviousness."  The Court then held a status conference with counsel on April 21 to discuss both the Federal Circuit's ruling and the possibility of settlement.  Counsel were advised to keep the Court apprised of settlement status.

On June 16, 2011 counsel for Innovention wrote to the Court,

---

opposing   summary   relief   because   that   evidence   constituted inadmissible hearsay; however, reconsideration was warranted in light of newly-amended Rule 56.)

copying counsel for defendants, in which counsel for Innovention advised the Court that the parties were at an impasse on settlement, requested a settlement status, and then (apparently) detailed the parties' settlement positions.[3]  Not to be outdone, the defendants requested that the Court strike the letter (and refuse to read it), sanction Innovention and its counsel, and issue a scheduling order that sets deadlines for expert discovery, includes a briefing schedule for summary judgment motion practice, and schedules new pretrial and trial dates.  The Court granted the motion to strike, but denied the defendants' request for monetary sanctions.  The Court also continued the trial schedule so that deadlines for expert discovery could be selected, as well as a briefing schedule, and new pretrial conference and trial dates. In doing so, this Court noted that expert discovery would be helpful in light of the Federal Circuit's ruling.[4]

---

[3]Innovention also apparently requested that, if the Court declined to order a settlement conference, that it set a new trial date as soon as possible.  The Court again would draw counsel's attention to its concern regarding the apparent disregard of the costly litigation risks their mutual conduct implicates and to 28 U.S.C. § 1927, which the Court believes must be imposed when appropriate.

[4] In particular, with respect to expert discovery, the Court noted:

> While the parties dispute whether expert
> discovery should be conducted, it appears that
> such discovery, which was utterly lacking on
> the prior record, would be helpful in light of
> the Federal Circuit's determination that the
> Court erred in its factual finding that the

The plaintiff now seeks to "confirm" the schedule for disclosure of its rebuttal expert report on the issue of nonobviousness or, alternatively, requests leave to serve its rebuttal report on nonobviousness.

I.

By the present motion, the plaintiff requests that the Court confirm that it may serve a rebuttal expert report on nonobviousness within 30 days of service of any report on obviousness submitted by the defendants; alternatively, the plaintiff requests leave to submit a rebuttal expert report on nonobviousness within 30 days of the service of the defendant's expert report on that issue.

In opposing the plaintiff's motion, the defendants contend that the Court should reject the plaintiff's attempt to circumvent its scheduling order; the defendants make several very accurate observations in support of their contention: (1) this Court entered

> level of skill in the art was that which was obvious to a layperson, given that Innovention "conceded...that the level of ordinary skill in the art was greater than that of a layperson" and further that this Court "appeared to agree"; in so determining, the Federal Circuit ordered that, "on remand, the district court must make a finding on the level of skill in the art and base its obviousness determination on that level of skill." Counsel might wish to muse whether that court has already made its own factual determination.

See Order and Reasons, dated 7/19/11, n. 6.

a scheduling order setting forth the timing and sequence for service of expert reports and the plaintiff never objected to either; (2) the plaintiff has repeatedly argued, until now, that it does not need expert testimony; (3) the defendants relied on the plaintiff's decision not to serve an expert report and filed their motion for summary judgment on obviousness believing that the plaintiffs intended only to rely on the statutory presumption of validity and cross-examination of the defendants' expert witness; and (4) this is not the first time that the plaintiff has waited until after the defendants have filed a dispositive motion before attempting to come forth with evidence that should have been previously produced.

## II.

It is undisputed that this Court's scheduling order required that the plaintiff deliver to the defendants 91 days before the pretrial conference any written expert report on which the plaintiff will rely and then required the defendants to deliver their written expert report to the plaintiff 63 days before the pretrial conference.

Nevertheless, the plaintiff asks that the Court "confirm" that it may submit a rebuttal expert report 30 days after the defendants has delivered their expert report.  The Court cannot confirm something that is belied by this Court's scheduling order.  It seems that the most appropriate course for the plaintiff would have

been to file a motion to amend the scheduling order to permit it to
alter the sequence of filing expert reports with respect to the
issue of obviousness.[5]   If it is still an issue even in light of
the Federal Circuit's opinion.

Because the plaintiff did not timely request that the Court
amend the scheduling order to accommodate the submission of a
rebuttal expert report on the obviousness issue, an issue on which
the defendants bear the burden of proof, the Court must consider
the appropriateness of the plaintiff's request for leave to do so.
Given this case's tortured history and in the interest of allowing
the fact-finder to rule on a complete record, the Court will allow
the plaintiff the opportunity to submit a rebuttal expert on the
issue of obviousness.   The defendants' cry of unfairness does not
fall on deaf ears; however, a continuance of the Court's
dispositive motion schedule and trial schedule will assist in
curing any unfairness.[6]

Accordingly, IT IS ORDERED: that the plaintiff's motion to
confirm schedule for disclosure of rebuttal expert report on
nonobviousness is DENIED, but the plaintiff's alternative request

_____

[5]The plaintiff invokes scheduling orders issued in other
patent cases that provide specific rules consistent with the
plaintiff's position.  But the plaintiff here did not request that
any specific expert report delivery rules on issues such as
obviousness apply to this case.

[6]The defendants have not requested sanctions.  At least
not yet.

for leave to serve its rebuttal report on nonobviousness is GRANTED.[7]  IT IS FURTHER ORDERED: that the pre-trial conference, currently set for April 11, 2012, and the jury trial, currently scheduled for April 30, 2012, are hereby continued, to be reset by the Court.  In setting the new trial schedule, the Court will set new dispositive motion deadlines, but it will not permit discovery to be reopened, except to the extent that the defendants request additional discovery based on the plaintiff's delivery of its rebuttal expert report.   IT IS FURTHER ORDERED: that the defendants' motion for summary judgment on obviousness and the plaintiff's cross-motion for summary judgment on nonobviousness are hereby dismissed without prejudice.

New Orleans, Louisiana, February 22, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7]It is the Court's understanding that the plaintiff has recently served on the defendant its expert report on nonobviousness such that imposing a deadline is unnecessary.