UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INNOVENTION TOYS, LLC,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6510** |
| **MGA ENTERTAINMENT, INC.,**<br>**WAL-MART STORES, INC.**<br>**TOYS "R" US, INC.**<br>    **Defendants** | **SECTION "E"** |

**ORDER AND REASONS**

Before the Court is Defendants' Motion *in Limine* No. 1 to Preclude Evidence, Testimony, and Argument that Defendants Have Been Found to Infringe the '242 Patent and that the Court has sanctioned the Parties.[1]  Plaintiff has filed a response to Defendants' motion.[2]

## I.   Infringement

Defendants argue that any testimony, evidence or argument that the Court has determined Defendants have infringed the '242 patent is irrelevant and unfairly prejudicial.  *See* Fed. R. Evid. 401 and 403.[3]  First, Defendants assert that the questions

---

[1] R. Doc. 480.  Defendants in this case are MGA Entertainment, Inc. ("MGA"), Toys "R" Us, Inc. ("Toys 'R' Us") and Wal-Mart Stores, Inc. ("Wal-Mart").

[2] R. Doc. 489.

[3] Rule 401 of the Federal Rules of Evidence provides:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Rule 403 of the Federal Rules of Evidence provides:

of patent infringement versus invalidity are separate and distinct. Consequently, Defendants contend the fact that Defendants have been found to have infringed the '242 patent is not relevant to whether the '242 patent is obvious – that is, non-valid.

Second, Defendants contend that infringement is not relevant with respect to the jury's consideration of willful infringement because the central concern of willful infringement is whether Defendants relied on a reasonable defense that the '242 patent is invalid. Accordingly, Defendants maintain the jury should not consider the Court's finding regarding infringement when considering Plaintiff's claim for willful infringement.

Third, with respect to Plaintiff's lost profits claim, Defendants argue "[t]o obtain as damages the profits on sales [Plaintiff] would have made absent the infringement, *i.e.*, the sales made by the infringer, a patent owner must prove: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) [Plaintiff's] manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made."[4] Defendants contend the first two factors relate to the marketplace for the patented invention and the second two factors relate to Plaintiff's internal manufacturing, marketing capabilities and finances. Defendants assert that their infringement does not bear upon the market landscape or Plaintiff's internal operations.

---

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

[4] R. Doc. 480-1 at p. 7 (quoting *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)).

Fourth, Defendants argue that the reasonable royalty rate is determined based on the knowledge that the parties are assumed to have had on the date of their hypothetical negotiation. As the Court did not find that Defendants infringed the patent until three years after the date of the hypothetical negotiation, Defendants contend that Defendants' infringement is irrelevant.

Finally, Defendants argue any probative value of evidence or testimony that Defendants have infringed the '242 patent is substantially outweighed by unfair prejudice. Defendants assert such evidence would mislead and confuse the jury, thereby influencing jurors to conclude the '242 patent must be valid and the Defendants' infringement must be willful.[5]

Plaintiff responds that, first, the jury will be asked to determine whether MGA's infringement was willful pursuant to 35 U.S.C. § 284, a determination that Plaintiff argues presupposes a finding of infringement. Second, Plaintiff contends that infringement is relevant to objective indicia of non-obviousness because Plaintiff relies on the commercial success of MGA's infringing Laser Battle game. According to Plaintiff, for Laser Battle's commercial success to be probative, Plaintiff must show that the game practices the '242 patent. Third, Plaintiff contends that the statutory language of 35 U.S.C. § 284 requires the jury to calculate the damages Defendants owe, if any, to "compensate for [their] infringement." This requires the jury to know that Defendants have been found to have infringed the '242 patent. Finally, Plaintiff asserts that several of the *Georgia-Pacific* factors assume that the jury has been apprised that Defendants'

---

[5] R. Doc. 480-1 at pp. 5-8.

actions infringed the '242 patent.[6]  Accordingly, Plaintiff argues that the Court should not preclude any testimony or evidence that the Court has determined that Defendants infringed the '242 patent.[7]

The Court has reviewed the caselaw the parties have submitted.  The fact that the Defendants infringed the '242 patent is highly relevant to Plaintiff's claims.  For example, in order for the jury to calculate damages, if any, for Defendants' infringement and to determine whether there was willful infringement, the jury must be aware that Defendants' behavior infringed the '242 patent.  The Court finds it would be confusing and misleading for the Defendants' infringement to be kept from the jury.  Furthermore, in order for Plaintiff to submit that Laser Battle's commercial success is an objective indicator of non-obviousness, Plaintiff must demonstrate that Laser Battle practices the '242 patent, which constitutes infringement.  *See J.T. Eaton & Co. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1571 (Fed. Cir. 1997).  The Court concludes the jury should be informed of Defendants' infringement, but is concerned that the jury might misuse this information in the absence of an appropriate limiting instruction.  Therefore, the Court **DENIES** Defendants' motion to preclude all testimony, evidence and argument that Defendants have been found to have infringed the '242 patent, but the Court **GRANTS** Defendants' motion in the alternative and will give a limiting instruction to the jury. The parties shall confer and submit, if possible, a joint proposed limiting instruction regarding Defendants' infringement no later than **Friday, November 2, 2012, at**

---

[6] *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  For example, the eleventh *Georgia-Pacific* factor asks the jury to consider "the extent to which the infringer has made use of the invention."  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009).

[7] R. Doc. 489 at pp. 1-5.

**noon CST.** If the parties are unable to agree, each party shall submit its proposed limiting instruction.

### II.     Sanctions

The U.S. Magistrate Judge assigned to this case sanctioned Defendants on January 28, 2009, for failure to participate in a Court-ordered settlement conference.[8] For the same reasons Defendants asserted with respect to infringement, Defendants argue that any testimony, evidence or argument regarding this sanction is irrelevant and unfairly prejudicial. Plaintiff responds that, because MGA has been sanctioned "for refusing to engage in settlement negotiations in good faith," this constitutes "strong evidence" of MGA's subjective recklessness with respect to Plaintiff's patent rights.[9]

The Court finds that any limited relevance regarding Defendants' sanctions is substantially outweighed by the risk of unfair prejudice, misleading the jury and confusing the issues, so much so that the Court concludes that no limiting instruction would be sufficiently curative. Concomitantly, any evidence, testimony or argument that the Court has sanctioned Plaintiff is as problematic.[10] As a result, the Court **GRANTS** Defendants' motion to preclude evidence, testimony, and argument that the Court has sanctioned the parties.

**IT IS SO ORDERED**.

---

[8] R. Doc. 63.

[9] R. Doc. 489 at p. 5.

[10] The Court sanctioned Plaintiff for discovery transgressions regarding late-produced evidence. *See* R. Doc. 285.

5

New Orleans, Louisiana, this __1st__ day of November, 2012.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**