UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INNOVENTION TOYS, LLC,<br>      Plaintiff | CIVIL ACTION |
| VERSUS | No. 07-6510 |
| MGA ENTERTAINMENT, INC., et al.,<br>      Defendants | SECTION "E" |

**ORDER AND REASONS**

Before the Court is Defendants' Motion *in Limine* No. 5.[1]  Defendants seek to preclude plaintiff from introducing evidence of, eliciting testimony regarding, or arguing about conversations between Plaintiff's lay witnesses Michael Larson ("Dr. Larson") and Luke Hooper ("Mr. Hooper") and representatives of Wal-Mart and Toys "R" Us at the 2006 New York Toy Fair.[2]  Defendants argue that Plaintiff intends to introduce evidence of these conversations, in which Wal-Mart and Toys "R" Us buyers allegedly told Dr. Hooper and Mr. Larson that they were not interested in purchasing Plaintiff's game because "they had recently seen a prototype of [defendant MGA Entertainment's] Laser Battle Game.[3]  Defendants contend that Dr. Hooper and Mr. Larson's conversations with the Wal-Mart

---

[1] R. Doc. 481.  Defendants in this case are MGA Entertainment, Inc. ("MGA"), Toys "R" Us, Inc. ("Toys 'R' Us"), and Wal-Mart Stores, Inc. ("Wal-Mart").

[2] According to Dr. Larson's deposition testimony, he spoke with representatives from both Wal-Mart and Toys "R" Us at the 2006 New York Toy Fair.  R. Doc. 481-2, Larson Dep. 71:11-72:10; 76:19-77:12, Dec. 9, 2010.  The excerpt of Mr. Hooper's deposition testimony attached to Defendants' motion *in limine* only indicates a conversation with a Wal-Mart buyer during that fair.  R. Doc. 481-3, Hooper Dep. 90:1-10, Dec. 10, 2010.

[3] R. Doc. 481-1 at p. 1.  According to the deposition testimony of Dr. Larson, representatives from Wal-Mart and Toys "R" Us informed him that they were not interested in Plaintiff's game because the Wal-Mart buyer had already "made an agreement" to buy a game just like Plaintiff's game and the Toys "R" Us buyer had already "agreed to pick up" a game just like Plaintiff's game, not because the buyers had seen a "prototype" of MGA's Laser Battle game.  R. Doc. 481-2, Larson Dep. 71:11-72:10; 76:19-77:12, Dec. 9, 2010.

1

and Toys "R" Us buyers are classic inadmissible hearsay. Plaintiff argues that the Wal-Mart buyers' statements are not hearsay, but instead party admissions.

Defendants also seek to preclude Plaintiff from introducing evidence of, eliciting testimony regarding, or arguing about conversations between Dr. Larson, Mr. Hooper, and Robert Schlomoff ("Schlomoff"). Defendants argue that Plaintiff will introduce evidence of these conversations, in which Schlomoff "allegedly offered to invest an unspecified sum of money in plaintiff."[4] Defendants argue that these statements by Schlomoff are also inadmissible hearsay. Plaintiff argues that the statements are excepted from the general rule against the admissibility of hearsay statements, as they showed Schlomoff's then existing state of mind regarding his intention to invest in Plaintiff.

The Federal Rules of Evidence govern Defendants' motion *in limine*. Rule 801 defines hearsay as an out of court statement introduced to prove the truth of the matter asserted. Fed. R. Evid. 801. Rule 802 provides that hearsay statements generally are not admissible, but that there are exceptions to this general rule. Fed. R. Evid. 802. Under Rule 801(d)(2)(C), a statement offered against an opposing party and made by a person whom the party authorized to make the statement is not hearsay. Fed. R. Evid. 801(d)(2)(C). Under Rule 801(d)(2)(D), a statement offered against an opposing party and made by party's agent or employee on a matter within the scope of the employment relationship is not hearsay. Fed. R. Evid. 801(d)(2)(D). Under Rule 803(3), a statement of a declarant's "then-existing statement of mind" is admissible as an exception to the general rule against hearsay. Fed. R. Evid. 803(3).

Plaintiff will be allowed to introduce evidence of the conversations Dr. Larson and

---

[4] R. Doc. 481-1 at p. 1.

Mr. Hooper had with representatives of Wal-Mart and/or Toys "R" Us at the 2006 Toy Fair. The conversations are being offered by Plaintiff against Defendants, and it is clear that the buyers were either authorized to make these statements about their decision not to buy from Plaintiff or that they were acting within the scope of their employment with Wal-Mart and Toys "R" Us when they made those statements (or both). Under Rule 801(d)(2)(C) and Rule 801(d)(2)(D), these statements are not hearsay, and are thus admissible at trial. These buyers are representatives of Defendants Wal-Mart and Toys "R" Us, and Wal-Mart and Toys "R" Us certainly had the opportunity to talk to the buyers in preparation for trial, so allowing Plaintiff to introduce those buyers' statements will not prejudice Defendants.

Plaintiff will also be allowed to introduce evidence, through the testimony of Dr. Larson and Mr. Hooper, regarding Schlomoff's alleged investment offer. According to Dr. Larson, "somebody with very deep-pocket resources," made Plaintiff a "very serious offer" in 2005 or 2006.[5] It is clear that Dr. Larson was talking about Schlomoff.[6] According to Mr. Hooper, during a tour of Dr. Larson's laboratory at Tulane University, Schlomoff "whipped out a checkbook and said 'How much do you want.'"[7] Plaintiff argues that the statements show Schlomoff's "then-existing state of mind," i.e., his intent to invest in Plaintiff during that visit, and are thus admissible as an exception to the hearsay rule under Rule 803(3). Schlomoff was never listed on Plaintiff's witness lists, and Defendants have not cross-examined Schlomoff regarding those statements made to Dr. Larson and Mr.

---

[5] R. Doc. 481-2, Larson Dep. 236:16-17, Dec. 9, 2010.

[6] At his deposition on December 9, 2010, Dr. Larson could not recall Schlomoff's name, but said that Mr. Hooper might be able to recall his name. *Id.* at 236:6-12.

[7] R. Doc. 481-3, Hooper Dep. 148:24-149:1, Dec. 10, 2010. Mr. Hooper was able to recall Schlomoff's full name at his deposition. *Id.* at 147:19-20.

Hooper. However, the depositions of Dr. Larson and Mr. Hooper were taken in December 2010, and Defendants could have sought out and deposed Schlomoff if they wished. Dr. Larson's and Mr. Hooper's testimony about Schlomoff's hearsay statement as to his intention to invest in Innovention Toys is admissible as evidence of Schlomoff's state of mind at the time he made the statement, pursuant to Federal Rule of Evidence 803(3). As a result, the Court finds that Schlomoff's statements are admissible for the limited purpose of showing Schlomoff's state of mind at the time he made the statement to Dr. Larson and Mr. Hooper. The Court will restrict testimony regarding Schlomoff's statements to this limited purpose.

Accordingly, **IT IS ORDERED** that Defendants' Motion *in Limine* No. 5 be and hereby is **DENIED**, as set forth above.

**New Orleans, Louisiana, this __1st__ day of November, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**