UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INNOVENTION TOYS, LLC,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6510** |
| **MGA ENTERTAINMENT, INC.,**<br>**WAL-MART STORES, INC.**<br>**TOYS "R" US, INC.**<br>        **Defendants** | **SECTION "E"** |

ORDER AND REASONS

Before the Court is Plaintiff's Motion *in Limine* No. 2 to Preclude any Evidence, Claim or Argument Regarding any Claim Construction Not Previously Provided by Judge Feldman.[1] Defendants have filed a response.[2]

Plaintiff argues that the parties were to submit their proposed claim construction and identify disputed terms no later than March 11, 2009. Thereafter, Judge Feldman held a *Markman* hearing, *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384 (1996), on May 13, 2009, and issued an order construing the disputed terms on May 21, 2009.[3] Plaintiff claims that Defendants' expert witness Samuel Phillips ("Phillips") "openly admitted [at his deposition] that he formulated new constructions for terms that Defendants did not previously submit for construction as required by the Court's scheduling orders."[4] Plaintiff contends that "Defendants long

---

[1] R. Doc. 471.  Judge Martin L.C. Feldman originally presided over this case before it was transferred to this section of the U.S. District Court for the Eastern District of Louisiana.

[2] R. Doc. 495.  Defendants in this matter are MGA Entertainment, Inc. ("MGA"), Wal-Mart Stores, Inc. ("Wal-Mart"), and Toys "R" Us, Inc. ("Toys 'R' Us").

[3] *See* R. Doc. 110.

[4] R. Doc. 471-1 at p. 2.

1

ago had their opportunity to submit terms for construction pursuant to the Court's orders in this case," and consequently, argues that Defendants should be precluded from offering any evidence, claim or argument relating to any claim construction that Judge Feldman did not undertake.[5]

Defendants respond that Plaintiff's instant motion is, in essence, an untimely *Daubert* motion seeking to preclude Defendants' expert from testifying at trial regarding the issue of obviousness. The Court has already considered the parties' *Daubert* motions on the admissibility of expert testimony. The Court concluded that Phillips may testify at trial with respect to the first three *Graham* factors. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 86 S.Ct. 684 (1966).[6] Defendants underscore that *Graham* factor 2 tasks the jury with determining the differences between the prior art and the claimed invention, which requires the jury to hear expert testimony that compares the

---

[5] In his *Markman* Order, Judge Feldman construed the terms "cavity for holding electronic components," "control button," "game board," "game piece," "mounted [to]," movable," "receptacles," and "space (or spaces)." *See* R. Doc. 110 at p. 1.

Plaintiff specifically highlights this portion of Phillips' deposition as problematic in its motion:

> Q. Are you saying that the words of the claim limitation aren't important, it's really if we understand what was – the inventor was driving at?
>
> A. I'm – I'm saying that the – since this is not a construed term, so I can construe it as I think appropriate, and I think that it means that it be on.
>
> Q. Okay. So – just so I understand your testimony. Your testimony is that you are constructing this limitation in claim 39 to – wherein it says "alternating turns." Each turn comprising moving either a translation or a rotation a piece followed by activation of a laser is satisfied as long as the laser is on. Is that correct?
>
> A. Yes.
>
> Q. And that's based on your claim construction?
>
> A. Yes.

R. Doc. 471-1 at p. 2

[6] R. Doc. 468.

prior art to the elements of the asserted patent claims. Defendants contend that the Court should not reconsider its decision to permit Phillips to testify as a result of a newly-raised argument that Plaintiff should have presented in its *Daubert* motion. Furthermore, Defendants submit that Phillips has adopted and applied the Court's claim constructions, and that any suggestion Phillips and/or Defendants intend to argue claim constructions that contradict the Court's previous order is misplaced. Defendants assert that, with respect to any term that the Court did not explicitly construe, Phillips has utilized the ordinary English meaning of the term, as the law permits him to do.

The Federal Circuit has "frequently stated" that the "words of a claim 'are generally given their ordinary and customary meaning.' " *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). The Federal Circuit has further recognized that "district courts are not (and should not be) required to construe every limitation present in a patent's asserted claims." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). Rather, claim construction is "a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *O2 Micro*, 521 F.3d at 1362 (internal quotation omitted).

The parties did not submit the terms at issue in the excerpted portion of Phillips' deposition testimony set out in footnote 5, *supra*, to the Court for claim construction, likely because the parties believed that the "ordinary and customary meaning" of these terms is apparent. Thus, the Court rejects Plaintiff's argument that Phillips should not be permitted to opine on the meaning of terms set out in footnote 5. Phillips has given

the words their ordinary and customary meaning.  Claim construction by the Court with respect to these terms was not requested or given, nor was it necessary.

Accordingly, **IT IS ORDERED** that Plaintiff's motion *in limine* no. 2 be and hereby is **DENIED** with respect to Phillips' testimony on the meaning of terms set out in footnote 5.

With respect to Plaintiff's broader request precluding any evidence, claim or argument regarding any claim construction not previously provided by Judge Feldman, the Court will address such issues, if they arise, at trial.

**New Orleans, Louisiana, this   2nd   day of November, 2012.**

                                                **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**