UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INNOVENTION TOYS, LLC,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 07-6510 |
| MGA ENTERTAINMENT, INC.,<br>WAL-MART STORES, INC.<br>TOYS "R" US, INC.<br>    Defendants | SECTION "E" |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion *in Limine* No. 1 to Preclude any Evidence, Claim or Argument that the Federal Circuit has Already Decided Anything About The Differences Between Swift and the Laser Chess Articles and the Asserted Claims.[1] Defendants have filed a response.[2]

On October 14, 2009, another section of this Court granted Plaintiff's cross-motion for summary judgment that the '242 patent was valid and that Defendants had infringed the '242 patent, and denied Defendants' cross-motion for summary judgment that the '242 patent was invalid and that Defendants' actions did not constitute infringement.[3] Defendants appealed Judge Martin L.C. Feldman's October 14, 2009 Order. The U.S. Court of Appeals for the Federal Circuit affirmed Judge Feldman's determination that Defendants' actions constituted infringement, but vacated and

---

[1] R. Doc. 473.

[2] R. Doc. 494. Defendants in this matter are MGA Entertainment, Inc. ("MGA"), Wal-Mart Stores, Inc. ("Wal-Mart"), and Toys "R" Us, Inc. ("Toys 'R' Us").

[3] R. Doc. 176.

1

remanded his determination that the '242 patent was nonobvious.[4]  *See Innovention Toys, LLC v. MGA Entertainment, Inc.*, 637 F.3d 1314, 1323-24 (Fed. Cir. 2011).

Plaintiff argues that Defendants have stated "[o]n numerous occasions" that the Federal Circuit resolved the second *Graham* regarding "the differences between the claims and the prior art."[5]  Plaintiff contends that Defendants misrepresent the Federal Circuit's opinion because, Plaintiff submits, the Federal Circuit expressly remanded for consideration " 'the differences between [the relevant prior] art and the claimed invention.' "[6]  Plaintiff concludes that "[s]hould Defendants be allowed to argue instead that the Federal Circuit has already determined this issue, jury confusion and undue prejudice would result."[7]

Defendants respond they agree that the Federal Circuit has not "*fully*" resolved *Graham* factor 2 and that Defendants have no intention of offering any evidence, claim or argument to the contrary.[8]  Nevertheless, Defendants continue, the Federal Circuit did make certain "factual findings."[9]  Defendants maintain that "[t]hese findings of the

---

[4] As this Court has previously observed when it denied the parties' cross-motions for summary judgment on the issue of whether the '242 patent is obvious, "[o]bviousness is a question of law *based on underlying factual findings*: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective indicia of nonobviousness." *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 86 S.Ct. 684 (1966)) (emphasis added).

[5] R. Doc. 469-1 at p. 1.

[6] R. Doc. 469-1 at p. 2 (quoting *Innovention Toys*, 637 F.3d at 1323).

[7] R. Doc. 469-1 at p. 2.

[8] R. Doc. 494 at p. 1.

[9] Defendants argue that the Federal Circuit made the following factual findings:

    1.    "The *Laser Chess* prior art articles are analogous to the '242 patent because 'a reference disclosing an electronic, laser-based strategy game, even if not in the same field of endeavor, would nonetheless have been reasonably pertinent to the problem facing an inventor of a new, physical, laser-based strategy game.' " R.

Federal Circuit are indisputably relevant to the issue of obviousness insofar as they show that the Federal Circuit has determined what the analogous prior art discloses."[10] Defendants conclude that "it may constitute error not to permit the jury to receive testimony and/or evidence relating to the Federal Circuit's binding factual findings under the law of the case doctrine."[11]

The Federal Circuit expressly resolved the first *Graham* factor when it concluded that the Laser Chess articles, in addition to the Swift patent, are analogous prior art. *See Innovention Toys*, 637 F.3d at 1323. Consequently, the jury will be instructed that the Court has determined that the Laser Chess articles and the Swift patent are analogous prior art. The jury also will be instructed that it must consider this prior art when the Court charges the jury with the elements of Defendant's obviousness defense. Consequently, Plaintiff's expert witness David Eimerl ("Eimerl") and Defendants' expert witness Samuel Phillips ("Phillips") may testify that they considered the Laser Chess

---

Doc. 494 at p. 2 (Defendants' emphasis omitted) (quoting *Innovention Toys*, 637 F.3d at 1321-22);

2. "The '242 patent and the Laser Chess references are directed to the same purpose: detailing the specific game elements comprising a chess-like, laser-based strategy game." R. Doc. 494 at p. 2 (Defendants' emphasis omitted) (quoting *Innovention Toys*, 637 F.3d at 1321); and

3. "Basic game elements remain the same regardless of the medium in which they are implemented: whether molded in plastic by a mechanical engineer or coded in software by a computer scientist. And, as MGA's evidence shows, inventors of numerous prior art patents contemplated the implementation of their strategy games in both physical and electronic formats. Innovention Toys, 665 F.Supp.2d at 650 n.23 [Rec. Doc. No. 176]. For example, the Swift patent states that '[a]lthough the preferred embodiment is played by two players, obvious modifications of the game allow for . . . a single player playing against a computer.' Swift col.2 ll. 47-51." R. Doc. 494 at p. 2 (Defendants' emphasis omitted) (quoting *Innovention Toys*, 637 F.3d at 1322-23).

[10] R. Doc. 494 at p. 2.

[11] R. Doc. 494 at p. 4 (Defendants' emphasis omitted).

articles and the Swift patent as analogous prior art because of the Court's ruling.[12] On that note, the Court advises that any time an expert witness wishes to allude to the Federal Circuit's decision regarding analogous prior art within the confines set forth above, he shall refer to the Federal Circuit as "the Court" in order to avoid confusing the jury.

Nevertheless, the Court does not agree with Defendants' suggestion that the jury should be informed of, or instructed on, the Federal Circuit's observations set forth in footnote 9, *supra*. The Federal Circuit made the observations set forth in footnote 9 in its analysis of why the Laser Chess articles constitute analogous prior art. The Federal Circuit did not instruct this Court, in making those observations, that it was resolving several of the differences between the prior art and the claimed invention such that these statements would be binding on this Court. Rather, the Federal Circuit held that Judge Feldman failed to properly consider "the differences between [the prior] art and the claimed invention" with respect to the second *Graham* factor and remanded "these factual determinations to the district court to consider *in the first instance*." *See Innovention Toys*, 637 F.3d at 1323 (emphasis added). As the Federal Circuit remanded the entirety of the second *Graham* factor without qualification, the Court finds that its observations regarding the Laser Chess articles are not the law of the case. Allowing witnesses to inform the jury of the Federal Circuit's observations, or instructing the jury

---

[12] In their expert reports, both Eimerl and Phillips list the Federal Circuit's decision as a source they considered in forming their opinions. The Court has reviewed the deposition testimony wherein Eimerl and Phillips discuss the Federal Circuit's decision. Both experts testify that they considered the Laser Chess articles to be analogous prior art because the Federal Circuit so held. This Court has specifically allowed them to testify that the Court determined the Laser Chess articles are analogous prior art. However, with respect to Defendants' argument that the experts should be allowed to testify about the Federal Circuit's alleged "factual findings" relating to "what the prior art discloses," discussed *infra* at p. 4, neither expert states that he based his opinion on these "factual findings."

as Defendants have requested, would be confusing and would result in undue prejudice.[13]

Accordingly, **IT IS ORDERED** that Plaintiff's motion *in limine* no. 1 be and hereby is **GRANTED**. To the extent that Eimerl and Phillips wish to refer to the Federal Circuit's opinion in order to discuss what constitutes analogous prior art, they may do so provided that they refer to the Federal Circuit simply as "the Court."

**New Orleans, Louisiana, this  3rd  day of November, 2012.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] The Court observes that Plaintiff also has objected to the admission of the Federal Circuit decision as trial exhibit no. 360 and to Defendants' proposal to use the Federal Circuit's decision as a demonstrative exhibit. *See* R. Docs. 503 at p. 9 and 546. The Court will address these objections by subsequent order that will grant Plaintiff's objections, thereby excluding the Federal Circuit's decision as a trial or demonstrative exhibit.