UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INNOVENTION TOYS, LLC,                          CIVIL ACTION
    Plaintiff

VERSUS                                          No.  07-6510

MGA ENTERTAINMENT, INC., et al.,                SECTION "E"
    Defendants

ORDER AND REASONS

Before the Court are plaintiff Innovention Toys, LLC's ("Innovention") Objections to Defendants' proposed trial exhibits.[1]  Plaintiff objects to the following exhibits: 86, 259-67, 268, 269, 270, 271-273, 274-287, 288, 289, 290, 291-304, 350-359, 360, 361, 366, 367, 368, 368, 369, 370, 376, 377, 378, 379, and defendant's physical exhibits 2, 3, and 6.  Defendants oppose plaintiff's objections to exhibits 86, 259, 263, 265-267, 268, 269, 270, 271-273, 274-287, 288, 289, 290, 291-304, 350-359, 360, 361, 366, 367, 368, 368, 369, 370, 376, 377, 378, 379, and defendant's physical exhibits 2, 3, and 6.[2]  Defendants have withdrawn exhibits 260, 261, 262, and 264.[3]  The Court rules as follows.

I.      Exhibits 86 and 268

Plaintiff objects to defendants introducing two October 2007 opinion letters written by MGA's patent counsel Ira Siegel relating to the '242 patent and sent to counsel for Innovention.  Plaintiff argues that defendants have, throughout the course of the litigation, refused to produce Mr. Siegel's work product relating to the opinions expressed in those

---

[1] R. Doc. 503; R. Doc. 545 (Plaintiff's objections to defendants' supplemental exhibits).

[2] R. Doc. 521; R. Doc. 551 (Defendants' responses to plaintiff's objections to defendants' supplemental exhibits).

[3] *Id.*

letters, and that defendants should be precluded from now using the letters as a defense to Innovention's willfulness claim.  Plaintiff also argues that the letters constitute inadmissible hearsay and double hearsay, that they pose a risk of confusing the jury and prejudicing plaintiff, that Mr. Siegel was incompetent to render the opinion in exhibit 268, on the grounds that he had not reviewed the patent before writing his opinion, that Mr. Siegel never even rendered an opinion in exhibit 86, and that exhibit 86 is a "quick and dirty analysis to be used in negotiation" and thus inadmissible under Federal Rule of Evidence 408.

In response, defendants argue that they have given plaintiff everything that they were obligated to provide during the discovery process (i.e., everything that was not privileged) related to Mr. Siegel's letters.   In fact, defendants argue that the letters themselves, and their attachments, represent the entirety of Mr. Siegel's work product. They argue the onus was on plaintiff to depose Mr. Siegel or question Ami Shapiro, as MGA's Rule 30(b)(6) client representative, regarding any oral communications Mr. Siegel may have had with MGA regarding the letters, and that plaintiff's failure to take those actions during discovery are plaintiff's own fault.  They also argue that the letters are not hearsay, as they are not being offered for the truth of the matters asserted therein, but instead to show MGA's state of mind regarding whether Laser Battle infringed the '242 patent.  Furthermore, defendants argue that the letters are not incompetent, and even if they were, that incompetence goes to their weight as evidence, and not their admissibility, and also that the letters are simply not settlement discussions excludable from evidence under Rule 408.

The Court finds that the exhibits are admissible, with certain portions redacted.

According to defendants, they have supplied plaintiff with all of Mr. Siegel's work product related to the opinion letters. Likewise, they say they have provided plaintiff with any other communications in their possession relating to those letters. Plaintiff complains, however, that defendants have "steadfastly refused" to produce all communications relating to those letters. The Court agrees with defendants. MGA's assertion of the advice of counsel defense to Innovention's charge of willful infringement does waive the attorney-client privilege and the protection against the production of "fact" work product with respect to all communications regarding the same subject matter of counsel's advice. *In re EchoStar Comm. Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006) ("when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused"). However, the assertion of this defense does not also cause MGA to lose its right to assert attorney-client privilege and/or the work product doctrine with respect to other issues, and does not make Mr. Siegel's "opinion" work product subject to production. *Id.* at 1303 ("By asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies.") Defendants have stated that they have provided plaintiff with all communications regarding Mr. Siegel's opinion, and that is all that they were required to do. The Court overrules this objection to exhibits 86 and 268.

Likewise, the letters are not hearsay. Defendants are offering the letters not to prove the truth of the matters asserted in those letters, but instead to show to show MGA's state

of mind with respect to the issue of willful infringement of the '242 patent.  Indeed, for purposes of the advice of counsel defense, "[c]ounsel's opinion is not important for its legal correctness." *EchoStar*, 448 F.3d at 1303.  Instead, the Court considers what the alleged infringer knew or believed after speaking with counsel that is relevant.  *Id.*  Because the exhibits do not fall within the definition of hearsay, they do not have to be excluded under Federal Rule of Evidence 402.

Plaintiff's argument that Mr. Siegel was incompetent to render his opinion in exhibit 268, and that Mr. Siegel did not even render an opinion in exhibit 86, may raise an issue that goes to the weight of the evidence, but not its admissibility.  Indeed, a legal opinion related to a question of willfulness need not be competent to be admissible.  The jury, as trier of fact, should be allowed to see the letters and assign those letters whatever weight it sees fit as it makes its willfulness determination.  Plaintiff is free to use cross-examination as an opportunity to attack the opinion letters' evidentiary value.

Finally, while exhibit 86 may have been used for settlement discussions, and is stamped with a notation that the letter may be used "for purposes of settlement only," Rule 408 does not require it to be excluded.  Rule 408 states that evidence of settlement negotiations, discussions, compromises, and/or offers are not admissible to prove or disprove the validity or amount of a disputed claim or for impeachment purposes.  Rule 408 does not apply to Mr. Siegel's letter.

While the letters in exhibits 86 and 268 are generally admissible for the reasons set forth above, the Court will only allow them into evidence with the following modifications. With respect to exhibit 86, the letter is admissible, but the second to last paragraph on page 2 (beginning with "In addition . . .") must be redacted before it is shown to the jury.

4

Furthermore, none of the attachments to the letter is admissible.  The first attachment is a two page "analysis" and a 17 page chart.  Neither is signed and neither was provided as an expert report in this case.  The second attachment is a series of articles and a court opinion. Because the first attachment was not provided to the plaintiff as an expert report written by an expert to be called in this case, it does not comply with Federal Rule of Civil Procedure 26(a)(2)(B) or the Court's Scheduling Order.  As a result, the plaintiff has not had an opportunity to depose its author and its reliability has not been tested by cross-examination.  The attachments will not be presented to the jury.  With respect to exhibit 268, the letter is admissible, but the second through fourth paragraphs on page one (beginning with "MGAE has checked its records . . ." and ending with "no way based on Katrina's effects") must be redacted before the letter is shown to the jury, because the contents of those paragraphs constitute inadmissible double hearsay.

Accordingly, **IT IS ORDERED** that plaintiff's objections to exhibits 86 and 268 be and hereby are **OVERRULED.**  Defendants will be allowed to introduce exhibits 86 and 268 into evidence at trial, with the redactions described above.

## II.    Exhibit 288

Plaintiff objects to defendants introducing exhibit 288, which is the declaration of Ami Shapiro that defendants attached as an exhibit to their opposition to a motion for summary judgment filed by plaintiff.[4]  The declaration was also attached as exhibit 26 to Mr. Shapiro's August 1, 2009 deposition.  Plaintiff argues that the Shapiro declaration is inadmissible hearsay - a statement by an out of court declarant offered for the truth of the

---

[4] *See* R. Doc. 68-7.

matter asserted.[5] Defendants argue that the Shapiro declaration is not being offered for the truth of the matters asserted in that declaration, but instead to show Shapiro's state of mind at the time he made the declaration, and to show defendants' state of mind at that time. Defendants also argue that even if the statement is hearsay, it falls under the residual exception to the hearsay rule. *See* FED. R. EVID. 807. Specifically, defendants argue that because the declaration was attached as an exhibit to Mr. Shapiro's deposition, and because plaintiff had the opportunity to cross-examine Mr. Shapiro regarding the contents of that declaration during the deposition, Mr. Shapiro's declaration is reliable, even though he is unavailable to testify at trial. *See United States v. Rogers*, 549 F.2d 490, 500 (8th Cir. 1976). The Court agrees with defendants. The residual exception to the hearsay rule applies. Defendants had an opportunity to cross-examine Mr. Shapiro regarding his declaration, and thus the reliability and trustworthiness issues that often come with hearsay statements are not present. Plaintiff's failure to fully cross-examine Mr. Shapiro regarding the contents of his declaration is not something for which defendants should be punished.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 288 be and hereby is **OVERRULED.** Defendants will be allowed to introduce exhibit 288 at trial.

### III.   Exhibit 270

Plaintiff objects to defendants introducing defendant MGA's responses to interrogatories propounded on MGA by plaintiff. Plaintiff claims that the responses are

---

[5] Mr. Shapiro lives more than 100 miles away from the Eastern District of Louisiana, and is thus outside of this Court's subpoena power. As a result, Mr. Shapiro is an "unavailable witness" within the meaning of Federal Rule of Evidence 804, and cannot be compelled to testify at trial. Mr. Shapiro will not appear as a live witness at the jury trial of this matter, and only Mr. Shapiro would be able to testify regarding the content of his declaration.

6

inadmissible hearsay, and that they are irrelevant.   Defendants claim they are not introducing the responses for the truth of the matter asserted, but instead to show MGA's state of mind at the time the responses were submitted.  The Court agrees with plaintiff. Defendants' discovery responses are self-serving hearsay, and no exception to the hearsay rule applies.  As a result, the responses are not admissible.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 270 be and hereby is **SUSTAINED.**  Defendants will not be allowed to introduce exhibit 270 at trial.[6]

### IV.    Exhibits 350-359

Plaintiff objects to defendants introducing ten patents and patent applications that defendants did not disclose to plaintiff during discovery but listed as exhibits in the joint proposed pretrial order.  Plaintiff argues that it will be prejudiced due to the late production of these patents and patent applications.  In response, defendants state that plaintiff will suffer no such prejudice.  Defendants contend that the plaintiff has known about the existence of these ten patents for several years, as they were listed on the face of the '242 patent, cited by the Federal Circuit in its opinion in this case, and/or cited by defendants in summary judgment briefing.

With respect to exhibits 350, 354, 355, 356, 357, 358, and 359, the Court agrees with defendants.  These seven patents were listed on the face of plaintiff's '242 patent, and plaintiff has known of their existence since at least the time of the patent's issue on

---

[6] Plaintiff also states that the "Inventor Agreements" chart attached to MGA's interrogatory responses is irrelevant.  However, as noted by defendants, the very same chart is listed as an "unobjected-to" exhibit.  Ex. 29.  While MGA's interrogatory responses, with the chart attached, are not admissible, the chart is admissible standing alone.

September 4, 2007.  While Federal Rule of Civil Procedure 26(a)(1)(A)(ii) does require a party to submit to its opponent all documents that the disclosing party may use to support its claims or defenses, Federal Rule of Civil Procedure 37(c)(1), which provides that a party failing to comply with Rule 26 is generally prohibited from using unproduced documents, also specifically provides that the party is not prohibited from using the documents if the "failure was substantially justified or harmless."  Plaintiff cannot claim prejudice or surprise with respect to these seven patents, and the Court finds that defendants' failure to disclose its intent to use those patents prior to the pretrial order is harmless.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 350 and exhibits 354-359 be and hereby is **OVERRULED.**  Defendants will be allowed to introduce exhibit 350 and exhibits 354-359 at trial.

With respect to exhibits 351, 352, and 353, however, the Court agrees with plaintiff. While these three patents were referenced in defendants' summary judgment briefing, they were not listed on the face of the '242 patent, nor were they cited in the opinion by the Federal Circuit.  Unlike the seven patents discussed above, the Court finds that defendants' failure to disclose these three patents during discovery is not harmless, but instead that it would be prejudicial to plaintiff.  The provisions in Rule 26 and Rule 37 relating to a party's obligation to disclose evidence, and the consequences of a party's failure to comply with that obligation, are in place to allow the party's opponent to know what evidence will be presented at trial.  Simply noting these three patents in a summary judgment brief filed in 2009 is not sufficient to put plaintiff on notice that defendants intend to use these patents as evidence at trial.  Pursuant to Rule 37(c)(1), the Court rules that defendants will not be allowed to introduce exhibits 351-353 at trial.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibits 351-353 be and hereby is **SUSTAINED.**  Defendants will not be allowed to introduce exhibits 351-353 at trial.

### V.      Exhibits 259, 263, 265-267, 269, and 290

Plaintiff objects to defendants introducing a number of exhibits related to the '242 patent inventor's involvement with and employment by Tulane University.  Plaintiff argues that the documents are irrelevant, and also that they may be used to cast doubt on Innovention's ownership of the '242 patent.   In response, defendants argue that the documents are relevant to the issue of damages.  They state that the documents, which include various forms and policies related to Tulane's intellectual property policy, as well as correspondence related to the inventors' thoughts about the commercial prospects of their invention and their expected royalty rate, should be admitted, as they show what the inventors really thought the invention was worth.  The Court will admit all of these exhibits into evidence, except for exhibit 265.  Exhibits 259, 263, 266, 267, 269, and 290 are indeed relevant to this case and the issue of damages for the reasons asserted by defendants.  The Court will not admit exhibit 265, however, as it is not relevant to the issues in this case.  Neither Tulane's ownership of the '242 patent inventors' invention and Tulane's waiver of any rights it may have to the invention, nor its policy regarding royalties collected by the inventors, are at issue in this case.  As a result, exhibit 265 is inadmissible pursuant to Federal Rule of Evidence 402.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibits 259, 263, 266, 267, 269, and 290 be and hereby is **OVERRULED.**  Defendants will be allowed to introduce exhibits 259, 263, 266, 267, 269, and 290 at trial.

**IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 265 be and hereby is **SUSTAINED**.  Defendants will not be allowed to introduce exhibit 265 at trial.

## VI.    Exhibit 360

Plaintiff objects to defendants introducing the Federal Circuit's opinion in this case. Plaintiff argues that because defendants have asked that the Court preclude any mention of the Federal Circuit's opinion with respect to infringement,[7] and because plaintiff has asked that the Court preclude any mention of the Federal Circuit's findings regarding the differences between the '242 patent and the prior art, the opinion should not be admitted. Defendants argue that the factual findings regarding the scope and content of the prior art are relevant to the issue of obviousness.[8]  In response to plaintiff's first motion *in limine*, the Court ruled that the jury will be informed of the Federal Circuit's findings regarding infringement.[9]  The Court ruled that the jury will not be informed of the Federal Circuit's opinion regarding the three issues referenced in footnote 9 of the Court's opinion regarding plaintiff's first motion *in limine*.  As stated in the Court's ruling, the Federal Circuit did not make factual finding regarding obviousness.  Admitting the Federal Circuit's opinion into evidence is not necessary or appropriate to effectively inform the jury of the Federal Circuit's ruling on prior art, and it would be confusing to the jury.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 360 be and hereby is **SUSTAINED.**  Defendants will not be allowed to introduce exhibit 360

---

[7] *See* R. Doc. 480 (Defendants' First Motion *in Limine*).

[8] Defendants also argue that the opinion is admissible as an exception to the general rule against hearsay.  *See* FED. R. EVID. 803(8).  The Court agrees that the Federal Circuit opinion is not inadmissible hearsay, but rules it inadmissible on other grounds.

[9] *See* R. Doc. 552.

at trial.

### VII.    Exhibits 271-273, 289, and 291-304

Plaintiff argues that these exhibits, which are "notes, product documentation and photographs, renderings and sketches" related to Laser Battle, are inadmissible on the grounds that they are "completely devoid of identifying information or context."  Plaintiff contends that defendants will not be able to lay the proper foundation for the introduction of these exhibits, and thus that they are inadmissible.  Plaintiff also complains that the exhibits have not been, and cannot be, authenticated.  Defendant argues that Mr. Shapiro established the authenticity of and laid a proper foundation for the exhibits during his August 1, 2009 deposition.  During that deposition, Mr. Shapiro testified that he maintained a folder "where [he] kept items relating to Laser Battle and development of the game."[10]  Mr. Shapiro stated that he kept these items in a three-ring binder.[11]  Defendants argue that because all of the exhibits objected to by plaintiff on this ground were contained in that binder, Mr. Shapiro has properly laid the foundation and authenticated those exhibits for use at trial.  However, only four of these exhibits were actually specifically discussed by Mr. Shapiro in his deposition and marked as exhibits to that deposition.  Those exhibits are: bench book exhibit 271 (marked as exhibit 10 to Mr. Shapiro's deposition), bench book exhibit 272 (marked as exhibit 11 to Mr. Shapiro's deposition), bench book exhibit 273 (marked as exhibit 12 to Mr. Shapiro's deposition), and bench book exhibit 289 (marked as exhibit 35 to Mr. Shapiro's deposition).  Mr. Shapiro also laid the proper foundation for the introduction of each of these four exhibits during his deposition.

---

[10] Shapiro Dep. 93:4-94:4, Aug. 1, 2009.

[11] *Id.*

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibits 271-273 and 289 be and hereby is **OVERRULED.**  Defendants will be allowed to introduce exhibits 271-273 and exhibit 289 at trial.

For exhibits 291-304, the Court finds that the notes, photographs, sketches, etc. contained therein are not admissible, because they cannot be authenticated, and because a proper foundation for their introduction into evidence has not been laid.  Mr. Shapiro never specifically discussed any of these exhibits in his deposition, and they were not marked as exhibits to Mr. Shapiro's deposition testimony.  Likewise, while Mr. Shapiro did state that he had a three-ring binder in which he kept his notes and sketches, he never stated anything specific about any of the binder's contents other than those four exhibits described above.  Because Mr. Shapiro will not testify at trial, and defendants do not have another witness who can authenticate and lay foundation for these exhibits, defendants are left only with Mr. Shapiro's deposition testimony as a means to authenticate the contents of his binder.  However, Mr. Shapiro only specifically stated that exhibits 271, 272, 273, and 289 are what defendants claim them to be.  He never even mentioned the contents of exhibits 291-304, let alone explained that he has personal knowledge of those contents and that the exhibits are what purport to be.  Because defendants have not indicated that they have another way to authenticate and lay the foundation for these three documents, and because Mr. Shapiro's deposition fails to do either of those things, the exhibits must be excluded, pursuant to Federal Rules of Evidence 602 and 901.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibits 291-304 be and hereby is **SUSTAINED.**  Defendants will not be allowed to introduce exhibits 291-304 at trial.

## VIII.  Exhibits 274-287

Plaintiff objects to defendants introducing a series of internal MGA emails regarding the design and development of Laser Battle.  Plaintiff argues that the emails are inadmissible hearsay, offered for the truth of the matter asserted - that is, that MGA did development work.  Plaintiff also argues that defendants do not have anyone that can properly authenticate and lay foundation for these emails, and that using Mr. Shapiro's deposition for that purpose would be unduly burdensome and confusing.  In response, defendants argue that the emails are admissible under the business records exception to the general rule against hearsay.  *See* Fed. R. Evid. 803(6).  Defendants also argue that Mr. Shapiro's deposition lays the proper foundation for all of the emails, and that other defense witnesses can do the same if necessary.

With respect to exhibits 274, 276, 278, 280, 282, 284, and 286, the Court rules that these exhibits will be admitted.  Each of these exhibits was identified in Mr. Shapiro's deposition, and each was attached as an exhibit to that deposition.  As a result, plaintiff has already had an opportunity to cross-examine Mr. Shapiro with respect to these exhibits, and thus the reliability and trustworthiness issues for which the hearsay rule is designed to remedy are significantly lessened, and the Court finds that the statements contained in these exhibits, even if they are offered for the truth of the matters asserted therein, are admissible pursuant to the residual exception to the hearsay rule.  *See* Fed. R. Evid. 807.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibits 274, 276, 278, 280, 282, 284, and 286 be and hereby is **OVERRULED.**  Defendants will be allowed to introduce exhibits 274, 276, 278, 280, 282, 284, and 286 at trial.

Exhibits 275, 277, 279, 281, 283, and 285 were not discussed in Mr. Shapiro's

deposition or attached as exhibits to that deposition. Indeed, defendants do not intend for Mr. Shapiro to testify regarding these exhibits. Instead, defendants intend for Sam Khare to testify regarding these exhibits, and for Mr. Khare to make the necessary showing for the exhibits to be introduced pursuant to the business records exception to the hearsay rule. These six exhibits - all emails to Ami Shapiro from various MGA employees regarding the development of Laser Battle, with attachments showing pictures of the game in various stages of development and various drafts of the rules of the game - are not "business records" within the definition of Rule 803(6). Even if Mr. Khare could establish that the emails are records of MGA's regularly conducted game development activity (and not created in anticipation of litigation), and that using such emails as records is a regular MGA practice, he will not be able to establish that the composers of the emails possessed personal knowledge of the contents contained in those emails,[12] or that the emails were created contemporaneously with the composers' acquisition of the information contained in those emails. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Barbier, J.) (citing FED. R. EVID. 803(6)*; Wilander v. McDermott Int'l, Inc.*, 887 F.2d 88 (5th Cir. 1989), *aff'd,* 498 U.S. 337 (1991)). Indeed, "the business records exception does not supply a rule that would render admissible all emails found on a defendant's computer server." *In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, 2012 WL 85447, at *3. Mr. Shapiro's deposition does not specifically reference any of the emails contained in these six exhibits, and because Mr. Shapiro will not be testifying live at trial, plaintiff has not had, and will not have, any opportunity to cross-

---

[12] Mr. Khare is not a composer of any of the emails listed in these exhibits.

examine Mr. Shapiro as to the contents of those emails, which are clearly being introduced for the truth of the matters asserted therein.  As such, they are classic hearsay for which no exception to the hearsay rule applies.

Accordingly, plaintiff's objections to exhibits 275, 277, 279, 281, 283, and 285 be and hereby are **SUSTAINED.**  Defendants will not be allowed to introduce exhibits 275, 277, 279, 281, 283, and 285 at trial.

### IX.    Exhibit 361

Plaintiff objects to defendants introducing an animation showing a video game from the website www.kitmaker.com and a page from that website regarding Khet.  Plaintiff argues that, because the video game does not show the plaintiff's Khet game, it is irrelevant and inadmissible, and also that it will likely cause jury confusion by making the jury think the '242 patent covers the video game in the animation.  Plaintiff also argues that defendants have no sponsoring witness who can authenticate this exhibit.  Finally, plaintiff argues that the game contains inadmissible hearsay statements.  Defendants argue that the exhibit is relevant to the issue of obviousness.  Defendants argue that plaintiff licensed kitmaker.com to create a video game version of Khet, and defendants argue that the video game version highlights the absence of differences between the prior art and the '242 patent, as well as the ease of conversion between physical and electronic games.  Finally, defendants argue that either Michael Larson and/or Luke Hooper can authenticate the exhibit, and that the exhibit is not hearsay, as the animation is not a statement, and the statements made during the animation or on the website printout are not offered for the truth of the matter asserted.  The Court finds that this exhibit is relevant to the issue of obviousness for the reasons stated by defendants.  Provided that the proper foundation is

laid for the introduction of this exhibit, and that the exhibit is authenticated, the Court will admit this exhibit.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objections to exhibit 361 be and hereby is **OVERRULED.** Defendants will be allowed to introduce exhibit 361 at trial.

### X.   Exhibit 366

Plaintiff objects to defendants introducing an MGA 2006 press release stating that MGA products received the Toy of the Year Award and the "Laser Battle strategy game also outdid the competition." Plaintiff argues that the statements constitute inadmissible hearsay. Plaintiff also argues that defendants' claimed receipt of "awards and accolades" is unduly prejudicial and confusing, because the jury may have a difficult time rendering an appropriate judgment on the infringement issue. Defendants argue that the exhibit is not hearsay, as it is not being offered for the truth of the matter asserted, but instead to show the exhibit's contents and the existence of the statements contained therein. Defendants also argue that the exhibit is relevant and will give the jury context for the parties' dispute.

**IT IS FURTHER ORDERED** that plaintiff's objections to exhibit 366 be and hereby are **OVERRULED.** Defendants will be allowed to introduce exhibit 366 at trial.

### XI.   Exhibit 367

The Court granted in part and denied in part plaintiff's Rule 37(c) motion[13] relating to whether defendants will be allowed to call certain witnesses at trial. As a result, the

---

[13] R. Doc. 484.

Court defers ruling on plaintiff's foundational objection to exhibit 367 until defendants attempt to introduce it at trial and defendants are afforded an opportunity to use one of the witnesses named in the Rule 37(c) motion to authenticate and lay the foundation for this exhibit.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 367 be and hereby is **DEFERRED.**

### XII.   Exhibit 368

For the reasons stated in Section XI, the Court defers ruling on plaintiff's foundational objection to exhibit 368 until defendants attempt to introduce it at trial.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 368 be and hereby is **DEFERRED.**

### XIII.  Exhibit 369

Plaintiff objects to defendants introducing a spreadsheet containing MGA's 2006 Media Expenditures on the grounds that the statements contained therein are inadmissible hearsay.  Plaintiff does say, however, that if defendants can make an appropriate showing that the spreadsheet constitutes a business record under Rule 803(6), that the exhibit should be admissible.  The Court will defer ruling on this objection until the exhibit is presented at trial and defendants are given an opportunity to introduce the exhibit as a business record.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 369 be and hereby is **DEFERRED.**

### XIV.  Exhibit 370

Plaintiff objects to defendants introducing "unauthenticated text from the website

17

Defendants identify as 'www.familyfun.go.com.'" Plaintiff argues that the exhibit should be excluded because it contains inadmissible hearsay, and because MGA cannot establish a foundation for the documents.  Plaintiff also argues that the exhibit is likely to result in jury confusion.  In response, defendants argue that the exhibit is not hearsay, because it is being offered to show its contents and the statements contained therein, and that the exhibit is relevant and will not confuse the jury.  The Court agrees with plaintiff.  The statements contained in this exhibit are clearly being offered for the truth of the matter asserted, and no exception to the hearsay rule applies.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 370 be and hereby is **SUSTAINED.**  Defendants will not be allowed to introduce exhibit 370 at trial.

### XV.   Exhibit 376

Plaintiff objects to defendants introducing an MGA commercial into evidence, claiming that the commercial contains inadmissible hearsay statements.  Defendants argue that the commercial is not hearsay, because instead of offering the commercial for the truth of the matter asserted, defendants say they are offering it to rebut plaintiff's argument that the parties' games were "commercially successful."  Defendants argue that there is no nexus between commercial sales and obviousness, and they say that the commercial undermines plaintiff's argument that plaintiff could have made the same sales to national retailers that MGA was able to make with Laser Battle.  The Court agrees with defendants.  The exhibit is not hearsay, as it is not being offered for the truth of the matter asserted therein, but instead to rebut one of plaintiff's arguments.  Provided that the proper foundation is laid for the introduction of this exhibit, the Court will admit it into evidence.

18

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 376 be and hereby is **DEFERRED.**  Defendants will be allowed to introduce exhibit 376 at trial, provided the proper foundation is laid.

### XVI.   Exhibit 377

Plaintiff objects to defendants introducing exhibit 377, which is "unauthenticated text from the website Defendants identify as 'www.boardgamegeek.com.'"  Plaintiff argues that the exhibit is "rife" with inadmissible hearsay, and that MGA cannot lay a foundation for the document or properly authenticate it.  Defendants say that plaintiff's objection to this "website blog thread" ignores the fact that one of the inventors of the '242 patent, Luke Hooper, posted on the blog, and that Mr. Hooper can authenticate and lay a proper foundation for the exhibit.  Defendants also say that the Mr. Hooper's statements contained in the exhibit are not hearsay, but instead the admissions of a party opponent, and also that plaintiff can cross-examine Mr. Hooper regarding the contents of the exhibit when he is called as a witness at trial.  With respect to the statements contained in the exhibit not made by Mr. Hooper, defendants say that the statements are not being offered for the truth of the matter asserted, but instead to show that a blog post stated that plaintiff's game is a copy of the Laser Chess games, and that Mr. Hooper should have disclosed to the USPTO this relevant prior art.

The Court will admit only Mr. Hooper's blog posts in this exhibit.  Those posts are the admissions of a party opponent, and are, by definition, not hearsay.  *See* FED. R. EVID. 801(d)(2).  With respect to the rest of the content contained in this exhibit, the Court finds that the statements contained therein are inadmissible hearsay for which no exception applies.

Accordingly, plaintiff's objections to exhibit 377 be and hereby are **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth above.  Defendants will be allowed to introduce Mr. Hooper's blog posts in exhibit 377, but not any of the other content.

### XVII. Exhibit 378

Plaintiff objects to defendants introducing exhibit 378, which is "unauthenticated text from the website Defendants identify as 'www.gametable.blogspot.com.'" Plaintiff's objections to this exhibit are the same objections plaintiff had to exhibit 377.  Defendants say that plaintiff's objection ignores the fact that the website article is an interview with Mr. Hooper and that Mr. Hooper can authenticate and lay the foundation for the exhibit. Defendants also say that the statements contained in the exhibit are not hearsay, but are instead the admissions of a party opponent.  Finally, defendants say that plaintiff will be able to cross-examine Mr. Hooper when he is called as witness at trial.

The Court finds that the portions of this exhibit that are direct quotes from Mr. Hooper are not hearsay, but instead the admissions of a party opponent.  *See* Fed. R. Evid. 801(d)(2).  Provided that Mr. Hooper can authenticate and lay the foundation for those quotes, they will be admitted, and plaintiff will be able to cross-examine Mr. Hooper regarding those quotes at trial.  The rest of the text in the exhibit, however, is inadmissible hearsay for which no exception applies.

Accordingly, plaintiff's objections to exhibit 378 be and hereby are **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth above.  Defendants will be allowed to introduce the direct quotes of Mr. Hooper contained in exhibit 378, but not any of the other content contained in the exhibit.

### XVIII. Exhibit 379

20

Plaintiff objects to defendants introducing exhibit 379, which is a video that purports to be a "first look" at Laser Chess. Plaintiff argues that the exhibit is unauthenticated, and also that it contains inadmissible hearsay statements. Defendants argue that they are entitled to use this exhibit as an illustrative exhibit that will help defendants' technical expert Samuel Phillips explain to the jury what the Laser Chess prior art articles disclose.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to exhibit 379 be and hereby is **OVERRULED.** Defendants will be allowed to introduce exhibit 379 at trial.

## XIX.   Defendants' Physical Exhibits 2 and 3

Plaintiff objects to defendants introducing MGA's "State Fair Ferris Wheel Knockout" and "State Fair Shootout Gallery" games as physical exhibits. Plaintiff argues that the games, which pre-date MGA's Laser Battle game, are not relevant to any claim or defense in this case. Plaintiff also argues that the introduction of these games will cause jury confusion because defendants will be introducing other prior art, and because MGA's development capability with respect to these games is not relevant to MGA's development capability with respect to Laser Battle. Defendants respond that the games are in fact relevant to issues of willfulness and obviousness, as they show the state of the art at the time of the '242 patent and also MGA's "significant internal knowledge" regarding laser-based games. Defendants also contend that plaintiff's jury confusion concerns are misplaced. Defendants say that they will not introduce the games as prior art, and that a jury instruction clarifying this fact could clear up any possibility of confusion. The Court finds that the games are relevant to the issue of obviousness, as explained by defendants, and should be admitted into evidence for this reason.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objections to defendants' physical exhibits 2 and 3 be and hereby are **OVERRULED.**  Defendants will be allowed to introduce their physical exhibits 2 and 3 at trial.

## XX.    Defendants Physical Exhibit 6

Finally, plaintiff objects to defendants introducing "Prototypes and development versions of the Laser Battle game and its components."  Plaintiff argues that it is unclear what this exhibit actually is.  Plaintiff also argues that defendants have never produced any prototypes or development versions of Laser Battle during discovery, and that because MGA does not intend to call any MGA employees as witnesses at trial, MGA will not be able to lay a proper foundation for the introduction of these prototypes and development versions. Defendants argue that plaintiff has known of defendants' intent to use this exhibit since December 2008, and that plaintiff's foundational and authenticity concerns are premature. Defendants say that Mr. Shapiro's deposition testimony lays the foundation for, and authenticates, the contents of this exhibit.  Specifically, defendants say that physical exhibit 6 are the physical objects depicted in photographs marked as deposition exhibit 12[14] and deposition exhibit 15.[15] Assuming that defendants' physical exhibit 6 is, in fact, the physical items depicted in those photographs, Mr. Shapiro has laid a proper foundation for the introduction of defendants' physical exhibit 6.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's objection to defendants' physical exhibit 6 be and hereby is **OVERRULED.**   Defendants will be allowed to

---

[14]  This photograph is marked as bench book exhibit 273, and discussed in Mr. Shapiro's deposition on pages 127-130.

[15] This photograph is marked as bench book exhibit 114, and discussed in Mr. Shapiro's deposition on pages 137 and 140.

introduce physical exhibit 6 at trial.

**New Orleans, Louisiana, this __4th__ day of November, 2012.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

23