IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INNOVENTION TOYS, LLC<br><br>                Plaintiff,<br><br>    v.<br><br>MGA ENTERTAINMENT, INC., WAL-MART STORES, INC. and TOYS 'R US, INC.,<br><br>                Defendants. | Civ. A. No. 07-6510<br><br>Section E<br>JUDGE MORGAN<br><br>Mag. Div. 5<br>JUDGE CHASEZ |

## **INNOVENTION'S PROPOSED VERDICT FORM**

Attached hereto is [Innovention's Proposed] Jury Verdict Form (Exhibit A) that was submitted informally to the Court's law clerk by Innovention Toy, LLC, prior to the charge conference on November 9, 2012.

November 10, 2012

                                                              Respectfully submitted,

                                                              */s/ James C. Otteson*
                                                               Stephen G. Bullock, 3648
                                                               Barry W. Ashe, 14056
                                                               Lesli D. Harris, 28070
                                                               **STONE PIGMAN WALTHER WITTMANN LLC**
                                                               546 Carondelet Street
                                                               New Orleans, LA  70130
                                                               Tel:  (504) 581-3200
                                                               Fax:  (504) 581-3361

                                                               James C. Otteson, CA Bar No. 157781
                                                               (Admitted *Pro Hac Vice*)
                                                               Brandon Baum, CA Bar No. 121318
                                                               (Admitted *Pro Hac Vice*)
                                                               David A. Caine, CA Bar No. 218074
                                                               (Admitted *Pro Hac Vice*)
                                                               Thomas T. Carmack, CA Bar No. 229324
                                                               (Admitted *Pro Hac Vice*)

1

        **AGILITY IP LAW, LLP**
        149 Commonwealth Drive
        Menlo Park, CA 94025
        Tel: (650) 227-4800
        Fax: (650) 318-3483

        *Attorneys for Plaintiff, Innovention Toys, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing paper has been served upon each counsel of record, by the Court's electronic filing system, this 10th day of November, 2012.

                                                                 _/s/     James C. Otteson_

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INNOVENTION TOYS, LLC<br><br>          Plaintiff,<br><br>     v.<br><br>MGA ENTERTAINMENT, INC., WAL-MART STORES, INC. and TOYS 'R US, INC.,<br><br>          Defendants. | Civ. A. No. 07-6510<br><br>Section E<br>JUDGE MORGAN<br><br>Mag. Div. 5<br>JUDGE CHASEZ |

## [INNOVENTION'S PROPOSED] JURY VERDICT FORM

When answering the following questions and filling out this verdict form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the jury instructions. Please refer to the jury instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## I. FINDINGS ON OBVIOUSNESS

The ultimate conclusion that must be reached on the obviousness question is whether Defendants have proven that it is highly probable that the inventions claimed in the '242 patent would have been obvious to a person of ordinary skill in the field at the time the application was filed. In order to properly reach the ultimate conclusion, the following preliminary questions must be answered:

1

**QUESTION NO 1:  LEVEL OF ORDINARY SKILL IN THE ART**

When evaluating the obviousness or nonobviousness or the '242 patent, you must view the prior art from the perspective of a person of ordinary skill in the art at the time of the invention.  The parties disagree on the definition of the level of ordinary skill in the art to be used in that evaluation.  Having heard their respective positions, please select the level of skill of the person of ordinary skill in the art that you determine has been shown by the evidence.

**(For Innovention)** \_\_\_\_     A hypothetical person of ordinary skill in the art relevant to the '242 patent would have a Bachelor's Degree in Mechanical Engineering or equivalent experience.

**(For Defendants)** \_\_\_\_     A hypothetical person of ordinary skill in the art relevant to the '242 patent would have at least a Bachelor's Degree in Mechanical Engineering, or the equivalent, and three years of experience designing optical systems involving lasers, laser detectors, mirrors, and precision alignment.

**QUESTION NO. 2:  DIFFERENCES BETWEEN THE CLAIMS AND THE PRIOR ART**

In the following chart, set forth your findings as to whether any of the stated claim requirements are present or absent in the prior art reference by checking the appropriate box.  Marking "absent" is a finding in favor of Innovention.  Marking "present" is a finding in favor of Defendants.

| Requirement | "Laser Chess" | | "Advanced Laser Chess" | | Swift | |
|---|---|---|---|---|---|---|
| | Absent (for Innovention) | Present (for Defendants) | Absent (for Innovention) | Present (for Defendants) | Absent (for Innovention) | Present (for Defendants) |
| A "game board" as construed by the Court to mean "a structure having a playing surface that can support game pieces and electronic components." | | | | | | |
| A "game piece" as construed by the Court to mean "a mirrored or non-mirrored structure that can be placed on the game board and moved by the players during the course of game playing." | | | | | | |
| The "game piece" is "movable" as construed by the Court to mean "capable of movement as called for by the rules of the game or game strategy." | | | | | | |
| The "game board" includes "space" or "spaces" to mean "a location [or locations] that can be occupied by one of the game pieces." | | | | | | |
| The game includes "placing each player's set of playing pieces on the game in a pre-determined starting configuration." | | | | | | |
| The game includes ""movable key playing pieces." | | | | | | |
| The game includes playing pieces "wherein the pieces illuminate when in the path of a laser beam." | | | | | | |
| The game includes a laser beam. | | | | | | |
| The game includes playing pieces "wherein pieces are moveable and emit laser beams." | | | | | | |

3

**QUESTION NO 3: OBJECTIVE FACTORS RELATING TO NONOBVIOUSNESS**

Which of the following objective factors have been established by the evidence with respect to the claimed inventions? Checking the box "Established" is a finding in favor of Innovention. Checking the box "Not Established" is a finding in favor of Defendants.

| Factor | Established (for Innovention) | Established (for Defendants) |
|---|---|---|
| Commercial success of a product embodying the patented invention due to the merits of the claimed invention, rather than due to advertising, promotion, or salesmanship | | |
| A long felt need for the solution that is provided by the claimed invention | | |
| Copying of the claimed invention by others | | |
| Unexpected and superior results from the claimed invention over the closest prior art | | |
| Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention | | |
| Surprise, initial skepticism, or disbelief regarding the claimed invention | | |

**QUESTION NO. 4: MOTIVATION TO COMBINE**

For the following series of questions, marking "no" is a finding in favor of Innovention, while marking "yes" is a finding in favor of Defendants.

For claim 31 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the '242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 31, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)   Yes_____ (for Defendants)

For claim 32 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 32, and would have had a reasonable expectation of success in doing so?

 No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 33 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 33, and would have had a reasonable expectation of success in doing so?

 No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 39 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 39, and would have had a reasonable expectation of success in doing so?

 No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 40 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 40, and would have had a reasonable expectation of success in doing so?

 No_____ (for Innovention)  Yes_____ (for Defendants)

For claim 41 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the '242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 41, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 43 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the '242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 43, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 44 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the '242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 44, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 48 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the '242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 48, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)

For claim 49 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 49, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 50 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 50, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 53 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 53, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)


For claim 54 of the '242 patent, is it highly probable that a person having ordinary skill in the art as of the date of the invention of the'242 patent would have been motivated to combine the teachings of Duppong I/Duppong II with the Swift patent to create the invention set forth in claim 54, and would have had a reasonable expectation of success in doing so?

No_____ (for Innovention)  Yes_____ (for Defendants)

**QUESTION NO. 5:  WHETHER EACH CLAIM IS OBVIOUS**

For the following series of questions, marking "yes" is a finding in favor of Defendants. Marking "no" is a finding in favor of Innovention.

Have Defendants proven that it is highly probable that claim 31 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 32 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 33 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 39 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 40 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 41 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 43 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 44 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 48 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 49 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 50 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 53 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

Have Defendants proven that it is highly probable that claim 54 would have been obvious to one having ordinary skill in the art as of the date of the invention of the '242 patent?

No_____ (for Innovention)  Yes_____ (for Defendants)

## II.  DAMAGES

**QUESTION NO. 6:  LOST PROFITS DAMAGES**

If you determine that Defendants have failed to prove that all claims of the '242 patent are obvious, then Innovention is entitled to damages.  Please answer the following damages questions.

a. Has Innovention proven that it more likely than not suffered lost profits as a result of the Defendants' infringement?

Yes _____  (for Innovention)  No _____ (for Defendants)

b. If your answer is "yes," the amount of the lost profit damages is

$_____.

**QUESTION NO. 7:  REASONABLE ROYALTY DAMAGES (POST-ISSUANCE)**

If your answer to Question No. 6 is "no," please state the amount of damages that Innovention is entitled to as reasonable royalty damages for infringement of the '242 patent after it issued on September 4, 2007.

$ _____

**QUESTION NO. 8:  REASONABLE ROYALTY DAMAGES (PRE-ISSUANCE)**

Whatever your answer was to number 6 or 7, please state the amount of damages that Innovention is entitled to as reasonable royalty damages for infringement of the application for the '242 patent for the period beginning when MGA received notice of the Innovention's pending patent application and ending on the date the '242 patent issued on September 4, 2007.

$ _____

## III.  WILLFULNESS

**QUESTION NO. 9:  WILLFULNESS BY MGA**

Was MGA's infringement of the '242 patent willful?

Yes _____(for Innovention)    No _____ (for MGA)

DATED: _____        BY FOREPERSON _____