**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**INNOVENTION TOYS, LLC,**
**Plaintiff** — **CIVIL ACTION**

**VERSUS** — **No. 07-6510**

**MGA ENTERTAINMENT, INC., et al.,**
**Defendants** — **SECTION "E"**

## ORDER AND REASONS

"A request for attorney's fees should not result in a second major litigation." *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Like so much else in this case, however, the parties have complicated and prolonged the matter of attorneys' fees and costs. The Court now issues this Order and Reasons resolving the parties' objections[1] to the Magistrate Judge's report and recommendation.[2]

## BACKGROUND

The long history of this case has been recounted elsewhere. It is enough for present purposes to note that, after a jury verdict in favor of Plaintiff Innovention Toys, the Court concluded that this case was exceptional within the meaning of 35 U.S.C. § 285, warranting an award of Innovention's attorneys' fees and costs against Defendant MGA Entertainment.[3] The Court referred the quantum of fees and costs to the Magistrate Judge for a report and recommendation. After an evidentiary hearing and briefing, the Magistrate

[1] R. Docs. 656, 657.

[2] R. Doc. 653.

[3] R. Doc. 634 at 51-61.

Judge recommended an award of $1,804.037.71 in fees and $219,552.52 in costs.[4]

The Court has received objections from Innovention and MGA. Innovention objects to the exclusion of $508,985.79 in fees which are the subject of a pending dispute between Innovention and its former counsel. MGA objects to the Magistrate Judge's lodestar calculation and to the reasonableness of the recommended costs.

**STANDARD**

First, the Court must determine the applicable standard of review of the Magistrate Judge's report and recommendation. MGA contends that the Court should review under Federal Rule of Civil Procedure 72(a) and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Innovention suggests that this Court should review de novo all matters properly objected to pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 54(d)(2)(D) and 72(b).[5]

Under these circumstances, de novo review applies. Federal Rule of Civil Procedure 54(d)(2)(D) authorizes referral of "a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." A Magistrate Judge addressing a referred dispositive motion under Rule 72(b) must prepare a "recommended disposition," to which the parties can object. Then, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* at 72(b)(3).

Here, the Court referred the post-trial question of the amount of fees and costs to the Magistrate Judge to prepare a report and recommendation.[6] Pursuant to Rule 54(d)(2)(D),

---

[4]R. Doc. 653 at 27.

[5]R. Docs. 656 at 6, 657 at 15, 676 at 5.

[6]R. Doc. 634 at 62.

this was referral of a dispositive motion and the Magistrate Judge correctly entered a report and recommendation, rather than an order.[7] Therefore, de novo review applies to the portions of the report and recommendation properly objected to. After de novo review, the Court "may accept, reject, or modify the recommended disposition." *Id.* at 72(b)(3).

## ANALYSIS

### A. Attorneys' Fees

The parties spill much ink regarding the appropriate standard for calculating fee awards under § 285, which tersely states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Court has already determined that this is an exceptional case; what remains is determining the amount of "reasonable attorney fees."

"[T]he awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law." *Special Devices, Inc. v. OEA, Inc.*,

---

[7]In its sur-reply, MGA insists that Rule 54(d)(2)(D) is "permissive" and that because the Court "*may* refer a motion for attorney's fees to a magistrate judge under Rule 72(b) *as if it were* a dispositive *pretrial* matter," the Court may also refer a motion for attorney's fees as if it were a *non*-dispositive pretrial matter. R. Doc. ___ at 2. MGA's proposed reading of the Rule does not persuade. First, Rule 54(d)(2)(D) allows referral of a *post-trial* motion for attorney's fees "as if it were a dispositive pretrial matter" because Rule 72 otherwise governs only *pretrial* matters. *See* Fed. R. Civ. P. 54 advisory committee's note, 1993 amendment (explaining that the "authorization eliminates any controversy as to ... whether motions for attorneys' fees can be treated as the equivalent of a dispositive pretrial matter that can be referred to a magistrate judge"). Second, the permissive "may" gives the Court discretion to refer or not to refer motions for attorney's fees to the a magistrate judge, and does not plausibly mean the Court has discretion to refer it as either a dispositive or non-dispositive pretrial matter. *See* 12 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3068.2 (2d ed. 2013)("For example, it would seem that posttrial awards of attorneys' fees, where authorized by statute or pursuant to an agreement, represent a claim for relief. Accordingly ... they should be considered dispositive, a categorization confirmed by the 1993 adoption of Rule 54(d)(2)(D).").

269 F.3d 1340, 1343 (Fed. Cir. 2001). Nonetheless, the Supreme Court has stated that its precedent interpreting statutes authorizing awards of "reasonable attorney fees" to prevailing parties should be interpreted consistently. *See City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992); *see also Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012) ("[T]he Supreme Court has advised that all federal fee-shifting statutes calling for an award of 'reasonable' attorneys' fee should be construed 'uniformly.'") (quoting *City of Burlington*). This is consistent with Federal Circuit precedent, which approves of use of the lodestar method in calculating an award of § 285 attorneys' fees. *See Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424). Therefore, the Court will apply the lodestar methodology, just as the Magistrate Judge did.[8]

"The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *E.g.*, *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). MGA objects to (1) the Magistrate Judge's application of market rates for the forums in which Innovention's counsel work, rather than this forum, and (2) the finding that the

[8]Although Innovention places much weight on the "uniqueness" of § 285 fee awards, the limited Federal Circuit jurisprudence interpreting that provision seems consistent with cases interpreting other fee-shifting statutes. For example, under § 285, "the amount of attorney fees depends on the extent to which the case is exceptional." *Special Devices*, 269 F.3d at 1344. This is consistent with Supreme Court precedent stating that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Indeed, in the *Mathis* case, the Federal Circuit relied in *Hensley v. Eckerhart* for the proposition that under § 285, when "a prevailing party 'has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours *reasonably* expended on the litigation.'" *Mathis*, 857 F.2d at 755 (quoting *Hensley*, 461 U.S. at 435) (emphasis added). Thus, there is ample support for applying cases interpreting other fee-shifting statutes to this § 285 request.

hours submitted by Innovention in its fee petition were reasonable.

**1) Hourly Rate**

Under lodestar jurisprudence, the "appropriate hourly rate" is "the market rate in the community for this work." *E.g.*, *Black*, 732 F.3d at 502; *see also Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984) (holding that "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community" "for similar services by lawyers of reasonably comparable skill, experience and reputation"). "[T]he Supreme Court has been silent on how to determine the 'relevant community' under . . . any . . . fee-shifting statute." *Bywaters*, 670 F.3d at 1232. Reasonableness of hourly rates can be established by "evidence of hourly rates in other cases" as well as affidavits "regarding the reasonableness of the submitted rates." *See Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

The Magistrate Judge recommended that Innovention be awarded fees calculated at the hourly rate in the markets in which its counsel practice.[9] Thus, Innovention would be compensated for its San Francisco counsel's hours at the San Francisco market rate, its Boston counsel's hours at the Boston market rate, and its New Orleans counsel's hours at the New Orleans market rate. In so recommending, the Magistrate Judge followed a long line of district court decisions applying the rates of counsel's own market, rather than the forum market, to § 285 fee awards in cases involving complex patent litigation. *See, e.g.*, *Bendix Commercial Vehicle, Sys., LLC v. Haldex Brake Prods. Corp.*, No. 1:09 CV 176, 2011 WL 871413, at *1-2 (N.D. Ohio Mar. 1, 2011) ("Specialist rates are often considered in the

---

[9]R. Doc. 656 at 8.

field of patent law and other complex litigation."); *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614, at *5 (W.D. Okla. Sept. 5, 2006), *aff'd in part, rev'd in part, and vacated in part on other grounds*, 536 F.3d 1311 (Fed. Cir. 2008) (reversing finding of willfulness and therefore not reaching issue of reasonable hourly rates); *see also Bywaters*, 670 F.3d at 1233-34 & n.10 (addressing different fee statute and recognizing "an exception to the forum rule where local counsel is either unwilling or unable to take the case").

MGA insists that "the relevant community" for all of Innovention's counsel in this case must be New Orleans because (1) no Supreme Court or Federal Circuit case has ever authorized use of "national rates," (2) Innovention did not need to look outside New Orleans to find counsel capable of handling this case, and (3) the Magistrate Judge previously applied forum rates when awarding attorneys' fees as a discovery sanction against MGA. These arguments are unpersuasive.

First, although the Supreme Court and Federal Circuit have not endorsed applying out-of-town market rates to § 285 fee requests (or requests under any other statute), neither have they prohibited it. In the absence of clear guidance one way or the other, this Court is hesitant to find error in every single district court opinion applying out-of-town specialist rates in complicated patent litigation. The Court will follow those cases as persuasive authority; MGA is free to raise its argument before the Federal Circuit in the inevitable appeal.

Second, the Court agrees with the Magistrate Judge's conclusion that this was complicated patent litigation in which Innovention reasonably engaged out-of-town specialist counsel. MGA offers nothing but its bare assertion that in-town counsel could have handled the case. To the contrary, the facts suggest that Innovention's retention of

out-of-town specialist counsel was reasonable. As the Magistrate Judge noted, (1) MGA itself retained its own out-of-town specialists to try this case, and (2) MGA could not find a New Orleans attorney with expertise in this kind of patent litigation to testify at the evidentiary hearing.

Third, MGA contends that the previous imposition of attorneys' fees calculated at the local rate as a discovery sanction now binds the Court. But the briefing on those two discovery disputes did not address the forum/out-of-town issue now raised by Innovention's § 285 petition. Moreover, those awards were issued by the Magistrate Judge and this Court has not had an opportunity to address the relevant community for judging reasonable rates. Accordingly, the Court finds that those prior orders are neither relevant nor binding.

In short, the Court agrees with the Magistrate's use of market rates corresponding to the forum in which each of Innovention's counsel worked in calculating the lodestar. MGA's objection to the use of out-of-town rates is overruled. Because MGA did not object to the specific out-of-town rates used, the Court adopts the rates applied by the Magistrate Judge in its report and recommendation.

**2) Reasonable Hours**

To reiterate, § 285 authorizes an award of "reasonable attorney fees" in this case. "Hours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. at 434 (internal quotation marks omitted). "Plaintiffs seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black*, 732 F.3d at 502. "Billing judgment requires documentation of the hours charged and

of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees, but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.*

The Magistrate Judge concluded that the hours Innovention submitted for compensation are reasonable. This finding was based on (1) Innovention's expert, who testified that taken as a whole, compared to the history of the case and to Defendant's own fees, Innovention's requested fees were reasonable, and (2) the Magistrate Judge's own independent review of the billing records submitted by Innovention. Accordingly, the report and recommendation recommends awarding all of the amounts billed by Innovention's counsel, with the exception of $508,985.79 currently the subject of a dispute, which will be addressed below.

MGA objects, contending that the Magistrate Judge erred by failing to exclude any time claimed by Innovention because (1) Innovention's counsel exercised no billing judgment, and (2) comparison to MGA's counsel's bills is not a substitute for exercise of billing judgment.

MGA's objections have some merit. A fee petition must demonstrate that counsel exercised billing judgment, which "requires documentation of the hours charged *and of the hours written off as unproductive, excessive, or redundant*." *Saizan*, 448 F.3d at 799 (emphasis added). Innovention's submissions do not satisfy this standard. The affidavits associated with the billing records instead state only that the case was "staffed and litigated as efficiently as possible" or "leanly" and with incentives "to run the case efficiently," and

that the hours are "commercially reasonable."[10] Absent from these submissions are a comparison of the hours actually worked to the hours actually charged, and any evidence of "hours written off as unproductive, excessive, or redundant." Because the evidence of billing judgment required by the lodestar jurisprudence is lacking, a reduction of the hours claimed is appropriate. *See id.* This is particularly appropriate because of known oversights in Innovention's fee request, such as Innovention's request for compensation for hours which had already been compensated through earlier discovery sanctions.[11]

Nonetheless, the record supports only a small reduction to the hours submitted by Innovention. The Court largely agrees with the Magistrate Judge's factual conclusions that the hours, judged collectively in comparison to the complexity and duration of the case and the degree of success, and compared to the bills submitted Defendants' own counsel, are commercially reasonable. The Court also agrees with the Magistrate Judge's conclusion that Innovention's fee expert, with his greater experience in litigating and billing complex patent cases, was more persuasive than MGA's fee expert under these circumstances. Thus, Innovention's expert's review and dismissal of MGA's expert's line-by-line billing criticism is persuasive, and the Court is convinced that there was no systemic overstaffing or redundant billing.[12] Accordingly, the Court will reduce the hours submitted by Innovention's counsel by only ten percent to address the lack of evidence of billing

---

[10]R. Docs. 602-1 at 6, 7; 602-8 at 8 (under seal) (exhibits to evidentiary hearing).

[11]R. Doc. 652 at 5:2-15. Innovention timely conceded that it cannot be paid twice for those hours, but the oversight casts some doubt on the reasonableness of the submission as a whole.

[12]R. Doc. 670 at 35-36, 66.

judgment.[13] Thus, the Court reduces the Magistrate Judge's recommendation of $1,791,682.71[14] in undisputed fees by ten percent, and awards $1,612,514.44 in attorneys' fees.

**3) Exclusion of Disputed Fees Incurred by Former Counsel**

In the report and recommendation, the Magistrate Judge recommended excluding from the fee award $508,985.79 in fees billed to Innovention by its former counsel Lando & Anastasi, but not paid and now the subject of a lawsuit pending in the District of Massachusetts.[15] The Magistrate Judge concluded that, in disputing those fees in the Massachusetts proceeding, Innovention "made multiple statements contesting the competence of the Lando firm" which "constitute statements against interest."[16] Therefore, the Magistrate Judge "carve[d] out that disputed amount from the sum awarded herein, particularly since [Innovention] questions the effectiveness/necessity of the services rendered."[17]

---

[13]Innovention does not request an adjustment to the lodestar amount pursuant to the *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court has performed its independent duty to consider the *Johnson* factors and finds that no adjustment, upward or downward, is warranted.

[14]This amount represents $1,804,037.71 less the $12,355 the Magistrate Judge recognized should have been excluded as a previously recovered discovery sanction. This $12,355 was inadvertently included in the final recommendation, but Innovention acknowledges it has already been recovered. (*See* R. Doc. 657 at 11.)

[15]Innovention requested attorneys' fees for the total amount the Lando firm billed in this litigation, or $869,249.75. (R. Doc. 602 at 31.) The Magistrate Judge's report and recommendation excluded only the unpaid and disputed $508,985.79. The recommended fee award includes $360,263.96 in fees attributable to work done by the Lando firm and for which the Lando firm has been paid.

[16]R. Doc. 653 at 22.

[17]*Id.*

Innovention objects to this recommendation, contending that its criticism of the Lando firm relates only to what the firm failed to do and does not undermine the reasonableness of the hours billed for work actually done. According to Innovention, the Lando firm failed by not developing a damages case and by abandoning its client on the eve of trial; however, Innovention asserts in this proceeding that the bills Lando actually submitted were properly billed for competent work which achieved tangible results in this case–although it nonetheless refuses to pay those bills. MGA responds that Innovention has disputed the Lando firm's competence in the Massachusetts proceeding, and that if the amounts were not properly billed to Innovention (which has not paid them), then they are not properly awarded as fees against MGA.

The Magistrate Judge cited no law addressing (1) an award of attorneys' fees for work done by former counsel when liability for the fees is being actively litigated, or (2) the legal significance of statements made by Innovention's counsel about the legal work or the fees in related litigation. Neither does MGA provide a legal basis for exclusion of the fees claimed by the Lando firm. In its reply brief, Innovention notes this dearth of support and points out that statements in the Massachusetts case cannot be judicial admissions in this case because "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001) (internal quotation marks omitted).

Aside from any statements made in the Massachusetts case, the existence of the fee dispute by itself poses a serious problem to Innovention's request that MGA pay the disputed fees. The Lando firm plainly did a significant amount of work in this litigation and obtained the preliminary injunction which was affirmed by the Federal Circuit. But if

Innovention is successful in the Massachusetts suit it may never pay to the Lando firm all or even any part of the $508,985.79 Innovention seeks here, which is conceptually troubling. *Cf. Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 653-54 (7th Cir. 2011) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them.") (internal quotation marks omitted).[18] Thus, Innovention's divergent positions in these two cases raise the practical possibility of inconsistent outcomes: if the Court awards the disputed fees in this case and Innovention prevails in Massachusetts, it will receive a windfall, but if the Court does not award the fees and Innovention loses in Massachusetts then MGA will escape liability for fees Innovention actually pays in this case.

These are unusual circumstances. To minimize the risk that Innovention either obtains a windfall or is liable for fees it cannot recover from MGA, the Court will adopt the Magistrate Judge's recommendation that Innovention not be awarded the fees it disputes with the Lando firm, but, as Innovention suggests,[19] retain jurisdiction in the event Innovention returns to this Court and files a supplemental request for any portion of the fees it for which it becomes liable in the Massachusetts case.

Accordingly, for the foregoing reasons, the Court sustains in part and overrules in part the objections filed by MGA and Innovention and awards attorneys' fees to Innovention against MGA at the same hourly rates employed by the Magistrate Judge and for the same hours, subject to a 10% billing judgment reduction, in the amount of

---

[18] *But cf. id.* at 654 ("[W]e note that the court does not cite to any legal support, nor have we found any, that requires a party in a fee-shifting case to have prepaid the fees incurred by an outside firm as a precondition for recovery."). Ordinarily, even if fees have not been paid liability for them is not in dispute.

[19] R. Doc. 657 at 19.

$1,612,514.44.

**B. Costs**

A fee award under § 285 is not "limited to ordinary reimbursement of only those amounts paid by the injured party for purely legal services of lawyers" and includes "ordinary reimbursement of legitimate expenses defendant was unfairly forced to pay." *Mathis*, 857 F.2d at 754; *see also id.* at 757 (approving of award of "sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit").

The Magistrate Judge recommended awarding all of the expenses and costs incurred by Innovention over the prolonged course of this case, in the amount of $219,552.52. MGA objects, contending that (1) the Magistrate Judge erred by considering the fact that Innovention will not be reimbursed for its expert fees, (2) Innovention "has not substantiated that its costs are recoverable," and (3) Innovention's interpreter's fees are not recoverable. With respect to the first issue, on de novo review the Court attaches no significance to the fact that Innovention will not recover expert witness costs when determining the reasonableness of its other costs.

Second, the Court concludes that MGA demands far too much in the way of proof that each and every expense incurred by Innovention during this six-year ordeal was "necessary." In *Mathis*, the Federal Circuit affirmed an award of litigation expenses that were supported with "complete documentation." 857 F.2d at 755, 758. Here, the Court agrees with the Magistrate Judge that Innovention's expenses are sufficiently documented and "legitimate" in light of the nature and history of this case.

Third, MGA objects to the recommendation of an award of interpreters' fees because Innovention requests fees for two trial interpreters for a witness who had conversed in the

past without an interpreter.[20] The Court agrees with the Magistrate Judge that it was a legitimate expense to retain interpreters to facilitate communication between the witness, a Chinese national, and the jury. The Court also agrees with the Magistrate Judge's conclusion that the interpreters' costs were "not wholly out of line" with awards in other cases.[21]

Accordingly, the Court overrules MGA's objections to the Magistrate Judge's findings regarding costs, adopts that portion of the report and recommendations, and awards costs to Innovention against MGA in the amount of $219,552.52.

## CONCLUSION

For the foregoing reasons, the Court modifies and adopts the Magistrate Judge's report and recommendation as set forth herein and awards Innovention attorneys' fees in the amount of $1,612,514.44 (without prejudice to Innovention's right to pursue additional fees for which it becomes liable in the Massachusetts case), and $219,552.52 in costs. Upon entry of the final judgment in this case, post-judgment interest will accrue on these amounts.

**New Orleans, Louisiana, this 27th day of March, 2014.**

_____________________________

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 656 at 16.

[21] R. Doc. 653 at 25 (citing *Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp. 2d 737, 765 n.25).