UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INNOVENTION TOYS, LLC,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6510** |
| **MGA ENTERTAINMENT, INC., et al.,**<br>    **Defendants** | **SECTION "E"** |

ORDER AND REASONS

Defendants (collectively, "MGA") move for judgment as a matter of law or alternatively for a new trial.[1] Innovention opposes the motion.[2] The Court has reviewed the memoranda, the law, and the record, and now issues this Order and Reasons denying the motion.

The Court applies the Fifth Circuit's standards for motions for judgment as a matter of law and motions for a new trial. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed Cir. 2011). Judgment as a matter of law is only appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039-40 (5th Cir. 2011) (internal quotation marks omitted). A new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (internal quotation marks and citations omitted).

---

[1] R. Doc. 699.

[2] R. Docs. 707, 710 (corrected memorandum).

1

First, MGA contends that it is entitled to relief on its obviousness defense.[3] The Court has already concluded (1) the record amply supports the jury's finding that the '242 patent was nonobvious, and (2) MGA's obviousness defense was objectively unreasonable.[4] MGA articulates no sound reason to displace that finding.

Second, MGA contends that it is entitled to relief with respect to the $1,405,708 in lost profit damages awarded by the jury, an amount which is "75% of the $1,874,277 lost profits figure advocated by Innovention's damages expert Mr. Boyles."[5] The argument, boiled down to its essence, is that the jury should have believed MGA's damages expert instead of Innovention's. The motion falls well short of establishing "that the award is, in view of all the evidence, either so outrageously high or so outrageously low as to be unsupportable as an estimation" of loss." *See Energy Transp. Grp. v. William Demand Holding A/S*, 697 F.3d 1342, 1356 (Fed. Cir. 2012) (internal quotation marks omitted).

Third, MGA "incorporates by reference" arguments it asserted in various motions and memoranda.[6] The Court incorporates by reference the orders and reasons rejecting those arguments.[7]

---

[3] R. Doc. 699-1 at 7-23.

[4] R. Doc. 634 at 16-33.

[5] R. Doc. 699-1 at 24.

[6] R. Doc. 699-1 at 31.

[7] R. Docs. 342, 467, 634.

For the foregoing reasons, **IT IS ORDERED** that MGA's motion is **DENIED.**

**New Orleans, Louisiana, this 7th day of July, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**
